OPINION
{¶ 1} These appeals arise from the Lake County Court of Common Pleas, wherein appellants/cross-appellees, Michele and Michael Johnson ("the Johnsons"), appeal the judgment of the trial court, entering summary judgment in favor of Auto-Owners Insurance Company ("Auto-Owners") and Westfield Companies ("Westfield"). Appellee/cross-appellant Celina Group ("Celina"), also filed a motion for summary judgment, which was denied. Appellee/cross-appellant, Auto-Owners, appeals the judgment of the trial court as it relates to the court's findings regarding the insurance policies at issue. Both appeals have been consolidated for all purposes.
 {¶ 2} On November 3, 2003, the Johnsons and Westfield filed with this court a joint motion to dismiss Westfield, indicating that the Johnsons were voluntarily dismissing their claims against Westfield. This court granted the motion to dismiss on November 6, 2003. Thus, the Johnsons claims against Westfield are dismissed and will not be addressed in this opinion. However, the portion of the appeal relating to Auto-Owners and Celina is still pending and is addressed within. The Johnsons' request to withdraw assignment of error number two was also granted and will not be addressed.
 {¶ 3} On May 17, 1998, Michele Johnson was operating a 1974 Harley Davidson motorcycle on Casement Avenue in Painesville, Ohio, when she was struck by a car driven by Joanne Smith. Johnson sustained serious injuries as a result of the collision. The Johnsons ultimately settled and released Smith from liability on November 16, 1998.
 {¶ 4} At the time the accident occurred, the Johnsons and their children were residing with Ethel Johnson, Michael Johnson's mother. Ethel Johnson maintained a homeowner insurance policy with Westfield. Ethel was employed by Merkel Sons, Ltd., which maintained commercial general liability, commercial auto liability and umbrella policies issued by Auto-Owners. Michele Johnson was employed by North Ridge Entrees, Inc., dba Sam and Tommy's, which had a commercial general liability policy issued from Celina.
 {¶ 5} On June 25, 2001, the Johnsons filed a complaint in the Lake County Court of Common Pleas, seeking a declaratory judgment and money damages against Auto-Owners, Westfield, and Celina, pursuant to the holding in Scott-Pontzer v. Liberty Mutual Fire Ins. Co. and its progeny.[1] The Johnsons sought the following declarations: (1) that the Johnsons were insureds under the commercial general liability, commercial auto liability, and umbrella policies of insurance through Auto-Owners; (2) that the Johnsons were insureds under the homeowner's policy issued by Westfield for casualty, liability, and uninsured/underinsured motorists coverage; and (3) that the Johnsons were insureds under the general commercial liability policy of insurance issued through Celina.
 {¶ 6} Auto-Owners filed a counterclaim for declaratory judgment, seeking a declaration that the commercial general liability policy is not a motor vehicle policy of insurance and that the Johnsons are not insureds under any of the policies of insurance. In the alternative, Auto-Owners sought a declaration that the Johnsons failed to satisfy the necessary conditions precedent under the policies and violated Auto-Owners' subrogation rights regarding Joanne Smith.
 {¶ 7} On February 5, 2002, Auto-Owners filed a motion for summary judgment as to the commercial general liability, the commercial auto liability, and the umbrella policies. In March 2002, Westfield filed a motion for summary judgment regarding the homeowner insurance policy and Celina filed a motion for summary judgment regarding the commercial general liability policy.
 {¶ 8} In a judgment entry dated August 12, 2002, the trial court held the following: (1) Auto-Owners' motion for summary judgment as to the commercial general liability policy was denied; (2) Celina's motion for summary judgment regarding the commercial general liability policy was denied; (3) Auto-Owners' motion for summary judgment regarding the commercial general liability, commercial auto liability and umbrella policies was granted; and (4) Westfield's motion for summary judgment regarding the homeowner insurance policy was granted.
 {¶ 9} The Johnsons, Auto-Owners, and Celina all filed timely appeals from the trial court's August 12, 2002 judgment entry. We shall address each party's assignments of error in turn. The Johnsons cite two assignments of error. As noted above, we will address only the first assignment of error pursuant to the Johnsons' voluntary dismissal of their claims against Westfield. The Johnsons' first assignment of error is:
 {¶ 10} "The trial court erred in granting summary judgment in favor of appellee, Auto-Owners Insurance Company as to the commercial auto and umbrella policies by finding that appellant, Michele Johnson was not operating an insured auto at the time of the accident."
 {¶ 11} In their first assignment of error, the Johnsons contend the trial court erred in entering summary judgment in favor of Auto-Owners when the language in the declarations portion of the commercial general liability, commercial auto liability, and umbrella policies was ambiguous as to who are the named insureds under the policy. Moreover, the Johnsons contend that under the Scott-Pontzer theory of liability, Ethel Johnson was a named insured and the Supreme Court of Ohio's holding in Ezawa v.Yasuda Fire Marine Ins. Co. of Am.,[2] extends coverage to the Johnsons.
 {¶ 12} An appellate court reviews an award of summary judgment de novo.[3] Moreover, pursuant to Civ. R. 56, summary judgment should be entered when, after construing evidence in the light most favorable to the nonmoving party, there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[4] The moving party must refer to some evidence which demonstrates that the nonmoving party has no evidence to support its claim.[5]
 {¶ 13} We begin by noting that uninsured/underinsured motorists claims brought pursuant to the holding in Scott-Pontzer have been significantly limited by the Supreme Court of Ohio's holding in Westfield Ins. Co. v.Galatis. In Galatis, the court limited Scott-Pontzer's application to claims involving an employee injured within the course and scope of employment.[6] Thus, the party seeking UM/UIM coverage as an insured pursuant to the holding in Scott-Pontzer, must establish that the employee of the corporation sustained loss that occurred within the course and scope of employment.[7]
 {¶ 14} There is no such association in the instant case. Ethel Johnson, Michele Johnson's mother-in-law, with whom the Johnsons resided, was employed by Merkel Sons, Ltd. Auto-Owners provided a commercial general liability, commercial auto liability, and umbrella policy to Merkel Sons, Ltd. The Johnsons have not satisfied the requirement pronounced in Galatis to establish UIM coverage pursuant toScott-Pontzer. Specifically, as Michele Johnson was not employed by Merkel Sons, Ltd., she cannot establish that she, as an employee, sustained a loss within the course and scope of employment.
 {¶ 15} The Johnsons' first assignment of error is without merit.
 {¶ 16} Auto-Owners asserts four assignments of error in its cross-appeal:
 {¶ 17} "[1.] The trial court erred in finding the appellants to be insureds under the Auto-Owners Insurance Company's policies.
 {¶ 18} "[2.] The trial court erred in finding that the appellants' claims were not barred for failure to comply with the conditions precedent found in the insurance policies issued by Auto-Owners Insurance Company.
 {¶ 19} "[3.] The trial court erred in finding that (sic) Auto-Owner's commercial general liability policy of insurance to be a motor vehicle liability policy of insurance.
 {¶ 20} "[4.] The trial court erred in finding Scott-Pontzer v. LibertyMut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, and its progeny applicable to post House Bill 261 Claims."
 {¶ 21} In its judgment entry, the trial court held in relation to Auto-Owners' commercial general liability policy:
 {¶ 22} "Upon consideration, the Court finds that the Commercial General Liability policy of insurance issued by Auto-Owners to Anthony N. and Michael G. Bertone dba Merkel Sons, Ltd. is ambiguous. As such, the Court finds that coverage UM/UIM coverage (sic) extends to Merkel Sons, Ltd.'s employee, Ethel Johnson. Further, Plaintiffs, as family members of Ethel Johnson are insureds under the Commercial General Liability policy issued to Merkel Sons, Ltd. by Auto-Owners."
 {¶ 23} Regarding the commercial general liability, commercial auto liability, and umbrella policies issued to Merkel Sons, Ltd. by Auto-Owners, the trial court held that neither policy applied, as the motorcycle operated by Michele Johnson was not specifically identified in the commercial auto liability policy or the umbrella policy and, therefore, UM/UIM coverage did not extend to the Johnsons.
 {¶ 24} This court concludes, based on our foregoing analysis of the Johnsons' first assignment of error, pursuant to the Supreme Court of Ohio's holding in Galatis, Michele Johnson was not an employee who had suffered loss in the course and scope of her employment and, thus, the Johnsons are not insureds under the Auto-Owners' policies.
 {¶ 25} Therefore, Auto-Owners' first cross-assignment of error is with merit, as the Johnsons are not insureds under the Auto-Owners' insurance policies. Moreover, as we have determined that the Johnsons are not insureds under the policies, Auto-Owners' remaining three assignments of error are moot and will not be addressed in this opinion.
 {¶ 26} Celina asserts a single assignment of error on its appeal:
 {¶ 27} "The trial court erred in failing to grant the Celina Mut. Insurance Company's motion for summary judgment."
 {¶ 28} In its assignment of error, Celina asserts that the trial court erred when it failed to grant Celina's summary judgment motion, finding that the Celina policy issued to Michele Johnson's employer, North Ridge Entrees, Inc., dba Sam and Tommy's, was an automobile liability or motor vehicle policy of insurance pursuant to R.C. 3937.18(L) and subject to the requirements of R.C. 3937.18(A). Celina contends that the policy covers only the insured's liability for injuries to third parties, not injuries to the insureds.
 {¶ 29} The Johnsons contend that the language of the policy satisfies the twopart test set forth in Davidson, for determining whether a policy provided motor vehicle liability coverage.[8]
 {¶ 30} Prior to determining whether the Celina policy of insurance provides UM/UIM coverage, it must be determined whether, in fact, the Johnsons are insureds under the policy at issue. The Johnsons contend that since the policy states that "you" are insured if you are "an organization other than a partnership or joint venture," theScott-Pontzer theory of liability applies and the Johnsons are insureds.
 {¶ 31} The trial court concluded that the Johnsons were insureds under the policy stating, "[t]he Court finds that the portion of the policy that states that if the policyholder is an `organization other than a partnership or joint venture', then `you are an insured' is ambiguous. As a result of this ambiguity, UM/UIM coverage is available to the corporation's employees because they are the bodies that occupy an automobile, suffer bodily injury or death or occupy a motor vehicle."
 {¶ 32} Under the Scott-Pontzer theory of liability, the trial court's rationale was correct. However, as noted above, the holding in Galatis
greatly narrowed the applicability of Scott-Pontzer. Thus, a threshold determination must be made as to whether Michele Johnson was acting in the course and scope of her employment when the accident occurred.
 {¶ 33} The accident occurred on Sunday, May 17, 1998. In her deposition, Michele Johnson testified that, while she was employed at North Ridge Entrees, Inc., dba Sam Tommy's at the time the accident occurred, she did not work on the actual day of the collision, as the restaurant was not open on Sundays. She also testified that she had been at her grandparents' house on that day and the accident occurred as she was leaving. From this testimony, it is clear that Michele Johnson was not acting in the course and scope of employment when the collision occurred. The Johnsons are not "insureds" under the Celina policy. Therefore, the trial court erred in failing to grant Celina's motion for summary judgment.
 {¶ 34} Celina's assignment of error is with merit.
 {¶ 35} Therefore, based on the foregoing, we conclude that the Johnsons' first assignment of error is without merit. Auto-Owners' first assignment of error is with merit. Auto-Owners' second, third, and fourth assignments of error are moot. Finally, Celina's assignment of error is with merit. Thus, the judgment of the Lake County Court of Common Pleas is affirmed in part, based upon the Johnsons' first assignment of error being without merit, and reversed in part, regarding Auto-Owners' and Celina's assignments of error, and judgment is entered in favor of Auto-Owners and Celina.
Ford, P.J., Christley, J., concur.
[1] Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660.
[2] Ezawa v. Yasuda Fire Marine Ins. Co of Am. (1999),86 Ohio St.3d 557.
[3] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
[4] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
[5] Id.
[6] Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, paragraph two of the syllabus.
[7] Id.
[8] Davidson v. Motorists Mut. Ins. Co., 91 Ohio St.3d 262,264.