OPINION
{¶ 1} Appellant, Donna M. Alexander, appeals the grant of summary judgment to appellee, Kim Tullis, by the Portage County Court of Common Pleas, on her complaint sounding in negligence and recklessness. We affirm.
 {¶ 2} This case arises from an accident occurring May 30, 2000, at the University Golf Club in Franklin Township, Portage County. Both Alexander and Tullis were members of a league which played at the club. Alexander was in the group ahead. Evidently, the fifth hole is a lengthy par four, with a depression in the fairway. Alexander's group was in the depression, when Tullis prepared to tee off. Tullis looked ahead and saw a group approaching or on the fifth green, which she believed to be that of Alexander. Knowing that the green was beyond her driving range, Tullis hit her drive. Her tee-shot struck Alexander in the eye, causing injury.
 {¶ 3} Alexander filed her original action against Tullis as Case No. 2002 CV 0608. This action was dismissed, without prejudice, August 18, 2004. Alexander refiled her action, sounding solely in negligence, on or about September 1, 2004. Tullis filed her answer, along with a motion to dismiss or transfer, September 22, 2004. October 22, 2004, the trial court transferred the action from Judge Enlow's docket to that of Judge Kainrad, and otherwise overruled the motion to dismiss.
 {¶ 4} Status conference was held December 16, 2004, and the parties given thirty days to file dispositive motions. January 19, 2005, Tullis filed her motion for summary judgment, along with her own affidavit and Alexander's deposition. Alexander timely responded to Tullis' motion, and moved to amend her complaint to include recklessness, which the trial court granted. February 24, 2005, Tullis filed a reply brief in support of her summary judgment motion.
 {¶ 5} February 25, 2005, the trial court issued an order setting June 27, 2005, as the discovery completion date, with dispositive motions to be filed within thirty days after the completion of discovery. March 14, 2005, the trial court granted Tullis' summary judgment motion. Alexander timely noticed her appeal, making one assignment of error:
 {¶ 6} "The trial court erred to the prejudice of appellant by granting appellee's motion for summary judgment[.]"
 {¶ 7} In order for a summary judgment to be granted, the moving party must prove:
 {¶ 8} "* * * (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispaw v. Eckstein (1996),76 Ohio St.3d 383, 385. The Ohio Supreme Court stated in Dresher v.Burt (1996), 75 Ohio St.3d 280, 296, that:
 {¶ 9} "* * * the moving party bears the initial responsibility of informing the trial court of the basis of the motion, and identifying those portions of the record which
demonstrate the absence of a genuine issue of fact on a materialelement of the nonmoving party's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis sic.)
 {¶ 10} Appellate courts review a trial court's grant of summary judgment de novo. Johnson v. Auto-Owners Ins. Co., 11th Dist. Nos. 2002-L-123 and 2002-L-131, 2005-Ohio-237, ¶ 12; Brownv. Scioto Cty. Bd. Of Commrs. (1993), 87 Ohio App.3d 704, 711. The Brown court stated that "we review the judgment independently and without deference to the trial court's determination." Brown at 711. An appellate court must evaluate the record "in a light most favorable to the nonmoving party."Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735, 741. Furthermore, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 11} The rule of decision in this case is unquestionably provided by the companion cases of Marchetti v. Kalish (1990),53 Ohio St.3d 95, and Thompson v. McNeill (1990),53 Ohio St.3d 102. In Marchetti, the Ohio Supreme Court held:
 {¶ 12} "[w]here individuals engage in recreational or sports activities, they assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other participant's actions were either `reckless' or `intentional' as defined in Sections 500 and 8A of the Restatement of Torts 2d." Id. at syllabus.
 {¶ 13} In Thompson, a case arising from a golfing injury and decided the same day as Marchetti, the Supreme Court held:
 {¶ 14} "1. Between participants in a sporting event, only injuries caused by intentional conduct, or in some instances reckless misconduct, may give rise to a cause of action. There is no liability for injuries caused by negligent conduct. * * *
 {¶ 15} "2. A player who injures another player in the course of a sporting event by conduct that is a foreseeable, customary part of the sport cannot be held liable for negligence because no duty is owed to protect the victim from that conduct." Id. at paragraphs one and two of the syllabus.
 {¶ 16} In the instant case, Alexander did not allege intentional conduct by Tullis in striking her with the golf ball, either by way of her complaint or amended complaint; and, she admitted in her deposition that she did not think Tullis sought to injure her. Thus, liability could only attach to Tullis' actions if they were reckless. In Thompson, the Supreme Court, relying on the Restatement of Torts 2d, defined "recklessness" as follows:
 {¶ 17} "`[t]he actor's conduct is in reckless disregard of the safety of others if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.' * * * `While an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it.' * * * `* * * the risk must itself be an unreasonable one under the circumstances.' (Emphasis added.) * * *" Id. at 104-105.
 {¶ 18} The Supreme Court continued by noting:
 {¶ 19} "[w]hat constitutes an unreasonable risk under the circumstances of a sporting event must be delineated with reference to the way the particular game is played, i.e., the rules and customs that shape the participants' ideas of foreseeable conduct in the course of a game." Id. at 105.
 {¶ 20} Quite simply, there is nothing of record in this case indicating that Tullis' conduct rose above the level of negligence, to that of recklessness, in the context of playing golf. "If * * * a golfer knows another is within the line of flight of his shot and fails to offer the customary warning of `fore,' liability might accrue. Such conduct could amount to reckless indifference to the rights of others." (Emphasis added.)Thompson at 104. Thus, in Maxwell v. Rowe (Sept. 23, 1998), 9th Dist. No. 97CA0075, 1998 Ohio App. Lexis 4396, at 6-7, the court overruled a grant of summary judgment to defendant-appellees, where the record failed to indicate whether defendant minor, who hit another boy with a golf shot, looked for and saw the victim within the range of his shot.
 {¶ 21} In this case, all of the evidence on the record shows that Tullis did look before taking her shot, and did not see anyone within her range. Her mistaking the group on or near the green, for that of Alexander, and failure to recognize that a group might be in the depression on the fairway, might well be negligent. But to reach recklessness, in the context of golf, there would have to be some evidence that Tullis acted, or failed to act, in a manner consistent with the rules and expectations of golf, and thus created an unreasonable risk to another. There is no such evidence herein.
 {¶ 22} Alexander further objects that the trial court should not have granted summary judgment to Tullis prior to the cut-off date for discovery, June 27, 2005, and the final date for dispositive motions, thirty days thereafter. While this court is sympathetic to Alexander's position that summary judgment should only be granted when clearly warranted, her remedy was to move the trial court to delay consideration of Tullis' pending summary judgment motion pursuant to Civ.R. 56(F). See, e.g., Maschari v.Tone, 103 Ohio St.3d 411, 2004-Ohio-5342, at ¶ 20, citingTaylor v. Franklin Blvd. Nursing Home, Inc. (1996),112 Ohio App.3d 27, 30. Having failed to do so, the matter is not preserved on appeal. Taylor at 30.
 {¶ 23} Alexander's assignment of error is without merit. The decision of the Court of Common Pleas, Portage County, is affirmed.
Ford, P.J., O'Neill, J., concur.