DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Lawrence County Common Pleas Court partial summary judgment in favor of The Marlow, Inc., defendant below and appellee herein, on the claim against it by Calvin Hankins, plaintiff below and appellant herein.
 {¶ 2} Appellant assigns the following error for review: *Page 2 
 "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT/APPELLEE, THE MARLOW, INC. THERE EXIST GENUINE ISSUES OF MATERIAL FACT."
 {¶ 3} On August 17, 2007, appellant commenced the instant action and alleged that he was the administrator of the estate of Kayla Leanne Hankins. Hankins was killed several months earlier in a collision with a car driven by Matthew L. Cecil, defendant below. Appellant averred that Cecil was drunk at the time of the collision and that appellee's employees served to him "intoxicated beverages knowing he was impaired and intoxicated" at the time. Appellant asked for damages for the estate in an amount exceeding $25,000. Cecil and appellee both denied liability.
 {¶ 4} On October 31, 2007, appellee requested summary judgment. Specifically, appellee attached affidavits to the effect that, although Cecil was at the bar on the night in question, he was not served alcoholic beverages. Appellant did not respond. On December 18, 2007, the trial court granted appellee summary judgment.
 {¶ 5} On December 27, 2007, appellant filed a Civ. R. 60(B) motion for relief from judgment. Rather than ground his motion on one of the reasons in subsection (B)(1)-(5), appellant claimed that he previously asked for an extension of time to conduct discovery before he filed a memorandum contra. No such request appears in the original papers, however. The trial court denied appellant's request for relief from judgment. This appeal followed.[1]
 {¶ 6} Appellant asserts in his assignment of error that the trial court erred by granting summary judgment because genuine issues of fact have not been resolved. We disagree with appellant. *Page 3 
 {¶ 7} Civ. R. 56(C) provides that summary judgment shall be awarded if the affidavits or any other evidentiary materials submitted in support of that motion demonstrate that no genuine issues of material fact exist. Appellee's motion contained several affidavits to the effect that, although Cecil was at the bar that night, he was already intoxicated and no one served him any alcohol. Appellant did not challenge those affidavits. Thus, the trial court properly entered summary judgment.
 {¶ 8} Appellant counters that no discovery had been conducted in the case. If, however, appellant needed additional time, he could have cited Civ. R. 56(F):
 "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just." (Emphasis added.)
The remedy for a party who must respond to a summary judgment motion before discovery is completed is a motion under Civ. R. 56(F). Consequently, a party who fails to seek relief under that rule does not preserve the issue for appeal. See Morantz v. Ortiz, Franklin App. No. 07AP-597, 2008-Ohio-1046, at ¶¶ 20-21; Temple v. Dayton, Montgomery App. No. 20211, 2005-Ohio-57, at ¶¶ 17-18; Wayne Co. Nat. Bank v. CFPLeasing, Ltd. Ptrshp., Wayne App. No. 02CA58, 2003-Ohio-2928, at ¶ 9;Miller v. Nusbaum (Dec. 14, 1998), Ashland App. No. 98COAO1253.
 {¶ 9} Appellant argues that he filed a request for an extension of time prior to the summary judgment. As we noted above, however, no request appears in the record.[2] The record does contain appellant's December 27, 2007 motion for extension *Page 4 
of time, but this occurred after summary judgment had been entered. Thus, the trial court cannot be faulted for not allowing appellant additional discovery time if no request had been made until after the court had granted summary judgment.[3] Moreover, even if the request for extension had been timely filed, it did not comply with Civ. R. 56(F). Nothing in appellant's request cites Civ. R. 56(F), nor are there affidavits to support the motion or request as the rule requires. A motion for extension of time pursuant to Civ. R. 56(F) must contain the required affidavit. See Doriot v. MVHE, Inc., Montgomery App. No. 20040,2004-Ohio-867, at ¶ 40.
 {¶ 10} For all these reasons, we find no error in the trial court's summary judgment. Accordingly, the assignment of error is hereby overruled and the trial court's judgment is hereby affirmed.
 JUDGMENT AFFIRMED. *Page 5 
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Abele, P.J. Kline, J.: Concur in Judgment Opinion
Harsha, J.: Not participating
Peter B. Abele, Presiding Judge, William H. Harsha, Judge, Roger, L. Kline, Judge.
[1] Cecil was dismissed as a party defendant on December 13, 2007. Therefore, the partial summary judgment as to appellee is a final, appealable order and we have jurisdiction to review this matter.
[2] In its entry denying appellant's Civ. R. 60(B) motion for relief from judgment, the trial court does make reference to a request for extension of time noting that appellant failed to include "a notice of hearing date." This apparently violated a local rule of court and, thus, nothing more was done about it. Because that request does not appear of record, it is difficult to tell whether the trial court was aware of it at the time it entered judgment. Even assuming arguendo that the court was aware of the request for extension of time, and it was the same request filed for record on December 27, 2007, that request did not comply with Civ. R. 56(F) as discussed in this opinion.
[3] We again note that the issue before us is whether the trial court correctly granted summary judgment. Appellant has not raised, and we do not address, the Civ. R. 60(B) motion and whether appellant was entitled to relief thereunder. *Page 1