[Cite as *CitiMortgage, Inc. v. Guarnieri*, 2013-Ohio-4913.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99504

---

# CITIMORTGAGE, INC.

### PLAINTIFF-APPELLEE

vs.

# WILLIAM T. GUARNIERI, ET AL.

### DEFENDANTS-APPELLANTS

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-704677

**BEFORE:** Celebrezze, P.J., E.A. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** November 7, 2013

**FOR APPELLANT**

William T. Guarnieri, pro se
10711 Greenhaven Parkway
Brecksville, Ohio   44141


**FOR APPELLEES**

**Attorneys for Citimortgage, Inc.**

Edward G. Bohnert
Reimer Arnovitz Chernek & Jeffrey Co., L.P.A.
30455 Solon Road
Solon, Ohio   44139

Harry W. Cappel
John C. Greiner
Graydon Head & Ritchey, L.L.P.
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio   45202

**Attorneys for State of Ohio, Bureau of Employment Services**

Mike DeWine
Ohio Attorney General
30 East Broad Street, 17th Floor
Columbus, Ohio   43215

Donn D. Rosenblum
Assistant Attorney General
Collections Enforcement Section
150 East Gay Street, 21st Floor
Columbus, Ohio   43215

**For Theresa L. Guarnieri**

Theresa L. Guarnieri, pro se
370 South Green Road
South Euclid, Ohio   44121

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendant-appellant, William T. Guarnieri, appeals the entry of summary judgment in favor of plaintiff-appellee, CitiMortgage, Inc., in its foreclosure action. After a careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Factual and Procedural History

{¶3} On April 14, 2008, appellant executed a note in the amount of $135,000 in favor of Ohio U.S. Mortgage Corp. The note was secured by a mortgage on the property located at 10711 Greenhaven Parkway, Brecksville, Ohio, in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Ohio U.S. Mortgage Corp. and its successors, executed on the same day. In December 2008, appellant defaulted on his repayment obligations as the borrower under the note and mortgage.

{¶4} On September 14, 2009, MERS assigned the mortgage to CitiMortgage. As provided in the note and mortgage, CitiMortgage exercised its option to accelerate the balance due on the note. The principal due was $134,461.04 plus interest from November 1, 2008.

{¶5} On September 22, 2009, CitiMortgage filed an action against appellant seeking judgment on the note and foreclosure on the mortgage. CitiMortgage attached a copy of the mortgage and note to its complaint. Attached to the note is an allonge

containing an executed specific endorsement from the original lender, Ohio U.S. Mortgage Corp., to CitiMortgage.

{¶6} On August 31, 2010, CitiMortgage moved for summary judgment arguing that, as holder of the note and assignee of the mortgage at issue, it was entitled to judgment as a matter of law. Following numerous attempts to resolve this matter in mediation, appellant was granted leave to file a brief in opposition to CitiMortgage's motion for summary judgment on February 7, 2012. On January 17, 2013, the magistrate issued its decision granting summary judgment in favor of CitiMortgage. On February 11, 2013, the magistrate's decision was adopted in full by the common pleas court.

{¶7} Appellant now brings this timely appeal, pro se, raising one assignment of error for review, which contains two separate issues:

> I. The Cuyahoga County Court of Common Pleas erred in granting summary judgment where there remained issues of fact. There was insufficient testimony (evidence), to establish how the Plaintiff obtained the promissory note and mortgage and there was pending discovery requests directed to the Plaintiff.

## II. Law and Analysis

### A. Summary Judgment

{¶8} Appellant first argues that the trial court erred in granting summary judgment in favor of CitiMortgage.

{¶9} We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241

(1996). We accord no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.

{¶10} Under Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party.

{¶11} On a motion for summary judgment, the moving party carries an initial burden of setting forth specific facts that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, summary judgment is appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact. *Id*. at 293.

{¶12} To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present "evidentiary quality materials" establishing: (1) that the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due. *See, e.g., United States Bank, N.A. v. Adams*, 6th Dist. Erie No. E-11-070, 2012-Ohio-6253, ¶ 10.

{¶13} In challenging the trial court's judgment, appellant's argument focuses solely on his contention that the affidavit attached to CitiMortgage's summary judgment motion "failed to demonstrate that the [relevant] mortgage and promissory note were assigned [to CitiMortgage]." In support of his argument, appellant relies on *First Union Natl. Bank v. Hufford*, 146 Ohio App.3d 673, 767 N.E.2d 1206 (3d Dist.2001). In *Hufford*, the Third District found that summary judgment in favor of plaintiff, First Union National Bank, was improper based on its failure to present documentation evidencing that it had been assigned the note and mortgage from the original payee on the note and lender on the mortgage, First Union Home Equity Bank, N.A., Charlotte, North Carolina. The court explained that, "other than [First Union National Bank's] inferences and bald assertions, the record contains no clear statement or documentation * * * of a transfer of the note or mortgage [from the original lender]." For the following reasons, we find the evidentiary material submitted in the case at hand to be distinguishable from those materials discussed in *Hufford*.

{¶14} In the case sub judice, CitiMortgage's motion for summary judgment was supported by the affidavit of Dan Berra, a foreclosure analyst for CitiMortgage. In his affidavit, Berra stated he had personal knowledge of appellant's loan account and that the attached note and mortgage were true and accurate copies of the original instruments. While Berra does not specifically aver that the mortgage and note were assigned to CitiMortgage, the attached copies of the note, the mortgage, and the recorded assignment of the mortgage were sufficient to demonstrate that CitiMortgage was assigned the

mortgage on September 14, 2009, and subsequently recorded the assignment with the Cuyahoga County Recorder's office on September 18, 2009. Furthermore, the allonge attached to the note contained a specific endorsement from Ohio U.S. Mortgage Corp. to CitiMortgage, thereby evidencing the transfer of the note to CitiMortgage prior to the time the complaint for foreclosure was filed in this matter.

{¶15} Thus, the evidence offered by CitiMortgage demonstrates a clear chain of assignments from the original lender, Ohio U.S. Mortgage Corp., to CitiMortgage and established CitiMortgage's right to enforce the note as the holder of the instrument. *See* R.C. 1303.31. Accordingly, unlike the evidentiary material presented in *Hufford,* the documentary evidence attached to CitiMortgage's motion for summary judgment sufficiently evidenced the assignment of the mortgage and note to CitiMortgage. *See Countrywide Home Loans Servicing, L.P. v. Shifflet*, 3d Dist. Marion No. 9-09-31, 2010-Ohio-1266, ¶ 12-16.

{¶16} Because appellant failed to present any evidence raising genuine issues of material fact pertaining to the elements necessary for a successful foreclosure action, we find the trial court did not err in granting summary judgment in favor of CitiMortgage.

## B. Civ.R. 56(F)

{¶17} Appellant next argues that the trial court erred in granting summary judgment in favor of CitiMortgage while requests for discovery were pending.

{¶18} When a party finds itself having to respond to a summary judgment motion before adequate discovery is completed, the proper remedy is to move the trial court to

delay judgment under Civ.R. 56(F). *Maschari v. Tone*, 103 Ohio St.3d 411, 2004-Ohio-5342, 816 N.E.2d 579; *Drake Constr. Co. v. Kemper House Mentor, Inc*., 170 Ohio App.3d 19, 2007-Ohio-120, 865 N.E.2d 938 (11th Dist.); *Alexander v. Tullis*, 11th Dist. Portage No. 2005-P-0031, 2006-Ohio-1454 (stating that when discovery is not yet complete and a party files a motion for summary judgment, the nonmoving party's remedy is to move the trial court to delay judgment under Civ.R. 56(F)). When a party fails to file a motion pursuant to Civ.R. 56(F), that party fails to preserve its right on appeal, and a trial court does not err in determining the summary judgment motion. *Taylor v. XRG, Inc*., 10th Dist. Franklin No. 06AP-839, 2007-Ohio-3209, ¶ 17; *Maschari, supra* (upholding decision to grant summary judgment prior to the completion of discovery where the nonmoving party failed to file a Civ.R. 56(F) motion for a continuance); *Tullis, supra* (upholding the trial court's grant of summary judgment where the nonmoving party failed to file a Civ.R. 56(F) motion).

{¶19} The record here is devoid of any indication that appellant attempted to comply with Civ.R. 56(F); nor does his status as a pro se litigant excuse him from complying with the same rules with which represented parties must comply. Because appellant did not avail himself of the remedies Civ.R. 56(F) provides, any discovery he lacked does not present a basis to reverse the trial court's judgment.

{¶20} Accordingly, appellant's assignment of error is overruled.

{¶21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
PATRICIA A. BLACKMON, J., CONCUR