[Cite as *Ogle v. Kroger Co.*, 2014-Ohio-1099.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| MELANIE A. OGLE, | : | Case No. 13CA22 |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| THE KROGER CO., ET AL., | : | |
| | : | **RELEASED: 3/14/14** |
| Defendants-Appellees. | : | |

_____

APPEARANCES:

Melanie A. Ogle, Rockbridge, Ohio, pro se appellant.

Mary Barley-McBride, Lane Alton & Horst, Columbus, Ohio, for appellee.
_____

Harsha, J.

{¶1}   Melanie Ogle appeals the trial court's judgment granting The Kroger Company (Kroger) and Ernie Norris summary judgment on her claims of defamation and intentional infliction of emotional distress.  She argues that the trial court abused its discretion and violated her due process rights by ruling on the summary judgment motion without providing her adequate notice and an opportunity to complete discovery.  However, the court scheduled a non-oral hearing on the motion and Ogle concedes receiving notice of the hearing.  Because the notice stated that after the non-oral hearing date the court would consider the merits of the motion, it satisfied the due process requirements under Civ.R. 56.  Thus, Ogle's due process argument and claim that she lacked adequate notice of when she had to complete discovery are meritless.

{¶2}   Moreover, the remedy for a party who must respond to a summary judgment motion before discovery is completed is a motion under Civ.R. 56(F) asking

the trial court to delay judgment.  And because Ogle failed to file such a motion or otherwise indicate she needed more time to complete discovery, we reject her claim that the trial court abused its discretion in regulating the discovery process.  Therefore we affirm its judgment.

## I. FACTS

{¶3}    We have already recounted many of the relevant facts of this case in *State v. Ogle*, 4th Dist. Hocking Nos. 11CA29, 11CA32, 12CA2, 12CA11, 12CA12, 12CA19, 2013-Ohio-3420.  In September 2009, the Hocking County grand jury indicted Ogle on one count of assault on a peace officer.  *Ogle* at ¶ 5.  While awaiting trial, the court released her on a recognizance bond.  *Id.* at ¶ 49.  Following a trial in August 2011, the jury found Ogle guilty and the court continued the matter for sentencing.  *Id.* at ¶ 5.  The court also continued Ogle's bond with the added condition that she not have any contact with the jurors or the witnesses in her case.  *Id.* at ¶ 49.

{¶4}    Janette Williams was a member of the jury in Ogle's assault case and also a cashier at the Kroger store in Logan, Ohio.  While she was awaiting sentencing, Ogle visited Kroger and entered the checkout lane operated by Williams.  While checking out, Ogle confronted Williams about the jury's verdict and her conviction.  Thereafter, Williams reported the incident to Norris, the store's manager.  The police responded and took a report of the incident.  The police also served Ogle with a letter from Norris stating that her activities at the store "were disrupting and/or damaging" to its business, advising her she was not allowed to enter its property in the future and her presence upon Kroger property from then on would be deemed trespassing.  That same week

The Logan Daily News published an article entitled "Melanie Ogle Banned From Kroger."

{¶5}    In August 2012, Ogle filed a pro se complaint against Kroger and Norris based on the no trespass order.  In the complaint Ogle claims Kroger's statement that her conduct was disruptive and damaging was false and because she can no longer shop at Kroger she has suffered emotional distress and financial damage.

{¶6}    Kroger and Norris filed their answer and following a discovery dispute with Ogle, a motion to compel their discovery requests.  Ogle responded with a motion for sanctions and a memoranda contra the motion to compel, as well as a motion for partial summary judgment.

{¶7}    On December 26, 2012, Kroger and Norris filed their own motion for summary judgment asserting there were no genuine issues of material fact and they were entitled to judgment as a matter of law.  Attached to their motion was a portion of the transcript form Ogle's assault trial, a transcript from Ogle's bond revocation hearing, affidavits of Janette Williams and Ernie Norris, and a copy of the Logan Daily News article.

{¶8}    In a notice on January 2, 2013, the trial court set a "non-oral Motion Hearing on all Motions" for February 1, 2013, and requested that the parties file "a written request immediately" if they wanted an oral argument or to file a reply.  The next day, Ogle filed a "Motion for Continuance to Respond to Defendants' Motion for Summary Judgment," and in an attached memorandum stated that the "depositions of Ernie Norris, The Kroger Co. and Janette Williams [were] necessary so that [she] is able

to appropriately respond." She also filed a notice with the court that on February 12, 2013, she would be deposing Janette Williams.

{¶9} The next relevant filing occurred on February 8, 2013, when the court entered a judgment entry granting Kroger and Norris's motion for a protective order as to the depositions of Janette Williams and Ernie Norris for Ogle's failure to properly comply with discovery demands and overruled Ogle's motion to compel. The court ordered Ogle to "provide verified and compliant responses to the discovery requests not later than February 28, 2013, at 4:00 p.m." and "[o]nce [Ogle] provides discovery, this court will expect that the depositions of defense witnesses will be scheduled." The court also granted Ogle's motion for additional time to respond to Kroger and Norris's motion for summary judgment and overruled her motion for partial summary judgment.

{¶10} Thereafter in April 2013, Ogle deposed Janette Williams, however she did not file a transcript of the deposition with the trial court and she did not schedule or provide notice of any further depositions or discovery. On September 16, 2013, Kroger and Norris filed a "Motion to Establish a Briefing Schedule and For a Non-Oral Argument," arguing that its motion for summary judgment was "ripe for consideration," because it had been over seven months since the court allowed Ogle to take her depositions and all discovery requests had been completed. On September 19, 2013, the trial court sent the parties notice that it would hold a "Non Oral Motion for Summary Judgment Hearing" on October 9, 2013, and consider the merits of the motion after this time. Again the court requested that the parties file "a written request immediately" if they wanted an oral argument or to file a reply. Thereafter the court granted Kroger and

Norris's motion for summary judgment without a response from Ogle.  This appeal

followed.

## II. ASSIGNMENTS OF ERROR

{¶11}  Ogle raises two assignments of error for our review:

1. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN REGARD TO DISCOVERY AND RULING ON DEFENDANTS-APPELLES' DISPOSITIVE MOTION.

2. THE TRIAL COURT VIOLATED PLAINTIFF-APPELLANT'S DUE PROCESS RIGHTS TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN REGARD TO DISCOVERY AND RULING ON DEFENDANTS-APPELLEES' DISPOSITIVE MOTION.

## III. STANDARD OF REVIEW

{¶12}  Normally, when reviewing a trial court's decision on a motion for summary

judgment, we conduct a de novo review governed by the standards set forth in Civ.R.

56.  *Vacha v. N. Ridgeville*, 136 Ohio St.3d 199, 2013-Ohio-3020, 992 N.E.2d 1126, ¶

19.  However, Ogle does not challenge the merits of the trial court's summary judgment

decision. i.e. whether there remained genuine issues of material fact and Kroger was

entitled to judgment as a matter of law.  Rather, her assigned errors focus on whether

the trial court erred by ruling on Kroger's motion without giving her adequate notice and

a chance to complete discovery.  Thus, we apply a different standard of review.

{¶13}  "A trial court maintains broad discretion in regulating the discovery

process. * * * Accordingly, the standard of review on a trial court's decision in a

discovery matter is whether the court abused its discretion. * * * A trial court abuses its

discretion if its decision is unreasonable, arbitrary, or unconscionable."  *Watson v.

Highland Ridge Water & Sewer Assn., Inc.*, 4th Dist. Washington No. 12CA12, 2013-

Ohio-1640, ¶ 20 (applying abuse of discretion standard to review appellant's claim that he had inadequate time to complete discovery before court ruled on motion for summary judgment).

IV. LAW AND ANALYSIS

A. Ogle's Failure to Comply with App.R. 16(A)(7)

**{¶14}** Initially we note that Ogle has failed to argue her assigned errors separately, as required by App.R. 16(A)(7). Thus, it would be within our authority to summarily overrule her assignments of error and affirm the trial court's judgment. *See* App.R. 12(A)(2); *Marietta College v. Valiante*, 4th Dist. Washington No. 13CA12, 2013-Ohio-5405, ¶ 12. Nevertheless, we afford "some degree of leniency to pro se litigants" and in the interests of justice will address the merits of her argument. *State v. Evans*, 4th Dist. Pickaway No. 11CA24, 2012-Ohio-4143, ¶ 7, fn. 2.

B. Ogle's Notice & Opportunity to Complete Discovery

**{¶15}** Ogle argues that trial court abused its discretion and violated her due process rights by ruling on Kroger and Norris's motion for summary judgment without providing her "a full opportunity to conduct discovery in order to respond to Defendant's-Appellees' summary judgment motion * * *." Specifically, Ogle argues that she did not have "adequate notice" to complete discovery because the trial court "did not schedule discovery or dispositive motions deadlines," and gave her less than 20 days notice of a non-oral hearing date.

**{¶16}** Civ.R. 56(C) provides that a motion for summary judgment "shall be served at least fourteen days before the time fixed for hearing. The adverse party, prior to the day of hearing, may serve and file opposing affidavits." Although, "Civ.R. 56(C)

anticipates a cutoff date for a response to a motion for summary judgment * * * the rule is not sufficiently explicit to apprise the parties of that date. Notice must come from some other source or sources." *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, ¶ 22. "Obviously, if the trial court does set an explicit hearing date for the summary judgment motion, it succeeds in providing the requisite notice." *Id.* at ¶ 23. Likewise, the due process requirements under Civ.R. 56 necessitate "that the nonmoving party receive notice of the deadline date for the opposing party's response to the summary judgment motion *or of the date on which the motion is deemed submitted for decision.*" (Emphasis added.) *Id.* at ¶ 17.

{¶17} "Civ.R. 56 does not mandate that full discovery must be completed before a defending party moves for summary judgment." *Wiltz v. Clark Schaefer Hackett & Co.*, 10th Dist. Franklin Nos. 11AP-64, 11AP-282, 2011-Ohio-5616, ¶ 32. To the contrary, if the case has not been set for trial or pretrial, "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may*, at any time*, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action." (Emphasis added.) Civ.R. 56(B).

{¶18} "The remedy for a party who must respond to a summary judgment motion before discovery is completed is a motion under Civ.R. 56(F)," asking the trial court to delay judgment. *Hankins v. Cecil*, 4th Dist. Lawrence No. 08CA1, 2008-Ohio-5275, ¶ 8. Consequently, a party who fails to seek relief under Civ.R. 56(F) does not preserve the issue for appeal. *Id.*

{¶19}  Here, Ogle concedes that she received the trial court's notice of a non-oral hearing on Kroger's pending motion for summary judgment.  The court's September 19, 2013 notice stated:

NOTICE TO:

Melanie Ogle, Plaintiff * * *.
Mary Barley McBride, Attorney for the Defendant * * *.

To All Concerned:

Please be advised that a Non Oral Motion for Summary Judgment Hearing has been scheduled for October 9, 2013 at 1:00 p.m. on the above case.

"Parties are NOT required to appear in court for a non-oral hearing. The non-oral hearing sets a date and time after which the court will consider the merits of the motion.  If the parties want a chance to file a reply or want oral argument, they should file a written request immediately."

{¶20}  The record shows that Ogle was served with Kroger and Norris's motion for summary judgment via ordinary mail on December 21, 2012.  Therefore, the trial court's non-oral hearing date on October 9, 2013, far exceeded the 14 day requirement in Civ.R. 56(C).  In addition, the court's notice of the non-oral hearing provided her with clear notice of the date on which the motion was deemed submitted for decision and accordingly does not raise any due process concerns.

{¶21}  The record also shows that on October 8, 2013, the day before the non-oral hearing, Ogle filed a "Motion for Discovery and Dispositive Motions Deadlines, Trial Date Confirmation, and Rule 38(B) Scheduling."  In this motion she asked the court "to set discovery and dispositive motions deadlines, witness disclosure deadlines, as well as confirmation of the date this Court has scheduled the above-captioned case for trial, and scheduling dates pursuant to Ohio Rules of Civil Procedure Rules 38(B)."  Nowhere in the motion did Ogle request that the court delay ruling on Kroger and Norris's motion

for summary judgment or indicate she needed additional time to complete discovery and file her response. Therefore, we cannot fault the trial court for not allowing Ogle additional discovery time if she failed to make a request. *See Hankins*, 4th Dist. Lawrence No. 08CA1, 2008-Ohio-5275, at ¶ 9.

**{¶22}** Ogle cites no law or rule to support her conclusion that 20 days was inadequate notice to complete discovery and respond to Kroger and Norris's motion for summary judgment. To the contrary, following the trial court's February 2013 order Ogle had over seven months to complete discovery and in fact did depose Williams during that time. Moreover, at the time the court granted summary judgment there were no outstanding discovery requests filed by any party and on appeal Ogle fails to identify what discovery she was unable to complete. Because Ogle did not avail herself of the remedies Civ.R. 56(F) provides, any purported lack of discovery is not a basis to reverse the trial court's judgment. *See CitiMortgage, Inc., v. Guarnieri*, 8th Dist. Cuyahoga No. 99504, 2013-Ohio-4913, ¶ 19. Based on these facts we cannot conclude that the trial court abused its discretion in regulating the discovery process. *See Watson*, 4th Dist. Washington No. 12CA12, 2013-Ohio-1640, ¶ 26-27 (concluding the trial court did not abuse its discretion in regulating discovery and ruling on summary judgment motion when appellant failed to file a motion under Civ.R. 56(F)).

## V. CONCLUSION

**{¶23}** We overrule Ogle's two assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court



BY:  _____
        William H. Harsha, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**