JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Nathaniel Harris, appeals the trial court's imposition of a sentence for his violation of an improperly imposed postrelease control. He assigns the following error for our review:
 "The trial court deprived the appellant of his liberty without due process of law when it imposed a five-year sentence upon the appellant for violating his postrelease control."
 {¶ 2} Having reviewed the record and pertinent law, we reverse and remand for the trial court to vacate the sentence imposed for Harris's violation of the postrelease control.
 {¶ 3} On March 11, 2002, Harris entered a plea in two separate cases. In Case No. CR-414176, he pled guilty to drug possession in an amount more than 25 grams and less than 100 grams, a first degree felony. In Case No. CR-419517, he pled guilty to drug possession in an amount more than 10 grams and less than 25 grams, a felony of the second degree. At the plea hearing, the trial court advised Harris that he was subject to five years postrelease control.
 {¶ 4} At the March 25, 2002 sentencing hearing, the trial court imposed a prison term of three years on each count, to be served concurrently. Although the trial court stated in the sentencing entry that five years of postrelease control was included as part of the sentence, the court failed to advise Harris that postrelease control was part of his sentence at the hearing. *Page 4 
 {¶ 5} Harris completed his three-year sentence in the above cases and had served two years of his postrelease control when he was arrested in Case No. CR-485862. He was convicted in the new case for aggravated burglary, with firearm specifications attached, failure to comply with a signal of a police officer, tampering with evidence, and having a weapon while under disability. He was sentenced to ten years in prison. In addition, the trial court found that Harris had violated the terms of his postrelease control imposed in the earlier cases and ordered the remainder of his postrelease control be served in prison consecutively to the ten-year sentence.[1]
 {¶ 6} Harris filed a direct appeal from Case No. 485962; this court affirmed his conviction.[2] Although Harris argued in that appeal that the trial court's imposition of a sentence for his violation of postrelease control in Case No. CR-414176 was improper, this court refused to consider the issue because his appeal in Case No. CR-414176 was pending. This is the appeal that is now before us.
 Postrelease Control Improperly Imposed *Page 5 {¶ 7} In his sole assigned error, Harris contends the trial court erred when it imposed a sentence for the violation of his postrelease control because the postrelease control was improperly entered. We agree.
 {¶ 8} The Ohio Supreme Court has explained that a trial court "is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence."[3] The Court further held that when a trial court fails to notify an offender about postrelease control at the sentencing hearing, but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and the sentence is void.[4]
 {¶ 9} If the defendant has not completed serving the sentence, the court may resentence the defendant because the court retains continuing jurisdiction over a criminal matter for purposes of correcting a void sentence.[5] However, once a defendant has completed his underlying sentence, he cannot be subject to *Page 6 
resentencing.[6] Hence, we vacate the order of post-release control and do not remand for resentencing.[7]
 {¶ 10} Here, the trial court did not advise Harris of postrelease control at the sentencing hearing; therefore, the sentence imposed for violation of the postrelease control is void. A void sentence is a nullity;[8] therefore, the court could not impose a sentence for its violation. Accordingly, Harris's sole assigned error is sustained. We, therefore, remand the matter to the trial court to order vacate the order of post-release control and the sentence resulting from the trial court's finding of its violation.
Judgment reversed and remanded.
It is, therefore considered that said appellant recover of said appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 7 
SEAN C. GALLAGHER, P.J., and CHRISTINE T. McMONAGLE, J., CONCUR.
[1] An invalid sentence, even if the postrelease control was valid, because Harris can only receive one-half of the time imposed for the original sentence, which would be 18 months in the instant case. R.C. 2929.19(B)(3)(e).
[2] State v. Harris, Cuyahoga App. No. 90699, 2008-Ohio-5873.
[3] State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, at paragraph one of the syllabus. See, also, State v. Simpkins, 117 Ohio St.3d 420,2008-Ohio-1197, at syllabus.
[4] Jordan, supra, at paragraph two of the syllabus;Simpkins, supra.
[5] Id. See, also, State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250;State ex. rel. Cruzado v. Zeleski, 111 Ohio St.3d 353, 2006-Ohio-5795;Simpkins, supra.
[6] Bezak, supra at ¶ 18; Simpkins, supra at syllabus;Cruzado, supra. Id.
[7] Id.
[8] State v. Bezak, supra at ¶ 12. *Page 1