[Cite as *State v. Nascembeni*, 2022-Ohio-1662.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,              :

      Plaintiff-Appellee,      :

                               No. 109927

      v.                      :

JAMES NASCEMBENI,      :

      Defendant-Appellant.   :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, VACATED IN PART,
                 AND REMANDED
**RELEASED AND JOURNALIZED:** May 19, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-644538-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Jillian J. Piteo, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellant*.

ANITA LASTER MAYS, J.:

{¶ 1} Plaintiff-appellant James Nascembeni ("Nascembeni") appeals the sentence imposed by the trial court arising from a guilty plea and conviction for

failure to verify a current address pursuant to R.C. 2950.06(F), a second-degree felony.  We affirm in part, vacate in part, and remand.

## I.    Background.

{¶ 2}   The issues in the case arise solely from the sentence imposed on March 19, 2020.  The journal entry provides:

> Defendant is sentenced under the Reagan Tokes Law SB 201 to 2 years aggregate minimum sentence to 3 years aggregate maximum sentence.
>
> * * *
>
> Defendant notified that there is a rebuttable presumption that the defendant shall be released from service of the sentence at the expiration of the minimum term, but that said presumption may be rebutted at a hearing under R.C. 2967.271, if DRC makes specified determination regarding the defendant's conduct while confined, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification defendant notified he may be eligible for reduction of his minimum term under R.C. 2967.271. * * *
>
> The court considered all required factors of the law.
>
> The court finds that prison is consistent with the purpose of R.C. 2929.11.
>
> The court imposes a prison sentence at the Lorain Correctional Institution of 2 year(s).
>
> Count 1 - 2 years.
>
> Postrelease control is part of this prison sentence for 3 years mandatory for the above felony(s) under R.C.2967.28.  Defendant advised that if/when post release control supervision is imposed following his/her release from prison and if he/ she violates that supervision or condition of post release control under RC 2967.131(B), parole board may impose a prison term as part of the sentence of up to one-half of the stated prison term originally imposed upon the offender.
>
> The court determines that the defendant is approved for placement into intensive program prison.

Defendant to receive jail time credit for 113 day(s), to date.

Credit for time served November 27, 2019 – present.

Journal entry No. 1129866791 (Mar. 19, 2020).

{¶ 3} Nascembeni files a timely appeal challenging portions of his sentence.

## II. Assignments of Error

{¶ 4} Nascembeni presents three assignments of error:

I. As amended by the Reagan Tokes Law, the Revised Code's sentences for first-and-second-degree qualifying felonies violates the Constitutions of the United States and the State of Ohio; the trial court plainly erred in imposing a Reagan Tokes indefinite sentence.

II. The trial court erred when it included a three-year postrelease control term in the journal entry memorializing the sentence even though the trial court did not state a number of years for postrelease control during the sentencing hearing and thus did not impose a postrelease control term in this case.

III. The trial court erred when, after stating in open court that court costs were waived, it imposed court costs in the journal entry memorializing the sentence.

## III. Discussion

### A. Reagan Tokes

{¶ 5} Nascembeni first argues that the first- and second-degree sentences imposed under S.B. 201 ("Reagan Tokes Law") are unconstitutional. On March 24, 2022, this court granted Nascembeni's motion to withdraw the first assigned error and address the second and third assigned errors only. After an appellant withdraws an assigned error, the appellate court may limit its review to the remaining assignments of error. *Admiral Ins. Co. v. Seifert Technologies, Inc.*, 5th Dist. Stark No. 2011CA00002, 2011-Ohio-5196, ¶ 24-25; *Johnson v. Auto-Owners Ins. Co.*, 11th

Dist. Lake Nos. 2002-L-123, 2002-L-131, 2005-Ohio-237, ¶ 2; *State v. Giannini*, 7th Dist. Mahoning No. 97 C.A. 254, 1998 Ohio App. LEXIS 6023, 3 (Dec. 11, 1998); *Pine Creek Farms v. Hershey Equip. Co.*, 4th Dist. Scioto No. 96CA2458, 1997 Ohio App. LEXIS 3107, 4 (July 7, 1997), fn. 1.

{¶ 6} Thus, we limit our review to the second and third assigned errors.

**B. Postrelease control**

{¶ 7} Nascembeni argues under the second assigned error that the trial court failed to state at sentencing that the postrelease control period would be for three years but included the three-year postrelease control period in the sentencing entry. This failure, argues Nascembeni, means that postrelease control was not validly imposed and postrelease control that is not properly imposed cannot be validated by journal entry.

{¶ 8} Because a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing, any sentence imposed without proper notice of postrelease control is contrary to law. *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 8, citing *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23 (both overruled on other grounds by *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248). "Concomitantly, because a court is generally said to speak only through its journal, [*Jordan*] at ¶ 6, the trial court is 'required to incorporate that notice into its journal entry imposing [the] sentence,' [*Jordan*] at ¶ 17." *Id.*

{¶ 9} A statutorily compliant imposition of postrelease control requires that the trial court advise the defendant of three things at the sentencing hearing and in the sentencing entry: "(1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease control period, and (3) a statement to the effect that the Adult Parole Authority will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute." *Id.* at ¶ 1. "[A]ny error in the exercise of [the court's] jurisdiction in imposing postrelease control renders the court's judgment voidable, permitting the sentence to be set aside if the error [is] successfully challenged on direct appeal." *Harper* at ¶ 4.

{¶ 10} The Supreme Court of Ohio has determined that "[n]either [Ohio Supreme Court] jurisprudence nor Ohio's criminal-sentencing statutes allow a trial court to resentence a defendant for an offense when the defendant has already completed the prison sanction for that offense." *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 19. This includes resentencing to correct the faulty imposition of postrelease control:

> This court has consistently and repeatedly held that a trial court loses jurisdiction to resentence a defendant for the purpose of imposing postrelease control once the defendant has served his entire sentence of incarceration. *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 32; *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 70; *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, syllabus, *superseded on other grounds by statute as stated in State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958; *State v. Bezak*, 114 Ohio St.3d 94,

2007-Ohio-3250, 868 N.E.2d 961, ¶ 18, *overruled on other grounds by State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332.

*Id.* at ¶ 5. *Accord State v. Bishop*, 8th Dist. Cuyahoga No. 110423, 2021-Ohio-4168, ¶ 13; *State v. Trone*, 8th Dist. Cuyahoga Nos. 108952, 108966, 2020-Ohio-384, ¶ 17, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, at ¶ 16 ("It has long been held that after an offender has completed the prison term imposed in his original sentence, the offender cannot be subject to another sentencing to correct a trial court's flawed imposition of postrelease control.").

{¶ 11} More recently, the Ohio Supreme Court reaffirmed that without proper imposition postrelease control "[a defendant's] liberty would not be restrained after he served his prison sentence and he would not be under the obligations associated with supervision." *State v. Bates*, Slip Opinion No. 2022-Ohio-475, ¶ 21; *State v. Harris*, 8th Dist. Cuyahoga No. 91947, 2009-Ohio-1695, ¶ 10.

{¶ 12} Here, the trial court failed to impose a term of postrelease control at Nascembeni's sentencing hearing. The state argues that the trial court properly notified Nascembeni of postrelease control at his February 26, 2020 plea hearing and corresponding journal entry and again journalized the term of postrelease control in its March 19, 2020 sentencing entry. Notice of postrelease control at the plea hearing and in the sentencing entry does not correct the trial court's failure to impose a term of postrelease control at the sentencing hearing. *Harris* at ¶ 3-4, 10. The trial court was required to impose a term of postrelease control at sentencing.

Having failed to do so renders the postrelease control portion of Nascembeni's sentence voidable. If Nascembeni were still serving his prison sentence, he would be subject to resentencing. Because Nascembeni has already served his prison sentence, the trial court no longer has jurisdiction to resentence him. *Id.* at ¶ 9.

{¶ 13} The second assigned error is sustained.

### C.  Imposition of Fines and Costs

{¶ 14} Nascembeni argues that the trial court inaccurately journalized that court costs were imposed when they were not. Nascembeni requests a nunc pro tunc order reflecting the decision to waive the costs. "'The function of a nunc pro tunc entry is not to change, modify, or correct erroneous judgments, but merely to have the record speak the truth.'" *State v. Kimmie*, 8th Dist. Cuyahoga No. 98979, 2013-Ohio-2906, ¶ 20, quoting *Ruby v. Wolf*, 39 Ohio App. 144, 147, 177 N.E. 240 (8th Dist.1931). *See also, State v. Taylor*, 161 Ohio St.3d 319, 2020-Ohio-3514, 163 N.E.3d 486, ¶ 7 ("R.C. 2947.23(C) gives a trial court continuing jurisdiction to 'waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter.'"). The state concedes the third assigned error and agrees with Nascembeni's remedy to remand the case for a nunc pro tunc entry.

{¶ 15} The trial court stated at sentencing: "Your fines fees and costs are waived." (Tr. 33.) Also, pursuant to the plea agreement, the trial court added:

Counsel:  Your Honor, he's responsible for the extradition costs too.

Court:      Yeah. Extradition costs in the amount of $787.75.

*Id.* The journal entry provides, "The court hereby enters judgment against the defendant in an amount equal to the costs of this prosecution." Journal entry No. 112986791, p. 2 (Mar. 19, 2021).

{¶ 16} Therefore, we remand the case to the trial court for the limited purpose of issuing a nunc pro tunc entry that reflects the trial court's imposition of extradition costs and waiver of fines and costs as imposed on the record at sentencing.

{¶ 17} The third assigned error is sustained.

## IV. Conclusion

{¶ 18} The judgment is affirmed in part, the imposition of postrelease control is vacated, and the case is remanded for the issuance of a nunc pro tunc entry to correctly reflect the trial court's imposition of extradition costs and waiver of fines and costs pursuant to this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY J. BOYLE, P.J., and
EILEEN T. GALLAGHER, J., CONCUR