[Cite as *State v. Springs*, 2022-Ohio-4414.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2022-CA-18 |
| | : | |
| v. | : | Trial Court Case Nos. 2021-CR-0617 |
| | : | |
| CORY SPRINGS, SR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of December, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

CHRISTOPHER BAZELEY, Atty. Reg. No. 0077473, 9200 Montgomery Road, Suite 8A, Cincinnati, Ohio 45242
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Cory Springs, Sr., appeals from his conviction in the Clark County Court of Common Pleas after he entered a guilty plea to one count of robbery. In support of his appeal, Springs argues that the trial court erred by failing to calculate or even mention jail-time credit at his sentencing hearing and in the sentencing entry. Springs also argues that the trial court erred at the sentencing hearing by failing to advise him of the consequences for violating the terms of his postrelease control. The State concedes error on both matters, and we agree that the trial court erred by failing to address and calculate Springs's jail-time credit and by failing to advise Springs of the consequences for violating his postrelease control. Therefore, the trial court's judgment will be reversed in part and remanded so that the trial court can: (1) resentence Springs to postrelease control; (2) make a factual determination as to the amount of jail-time credit to be awarded Springs; and (3) issue an amended judgment entry that includes the trial court's jail-time credit determination. In all other respects, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On February 16, 2022, Springs pled guilty to robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree. As a result of his guilty plea, the trial court sentenced Springs to 36 months in prison with mandatory postrelease control "for up to three years, but not less than one year." Sentencing Tr. (Mar. 4, 2022), p. 10. The trial

court also ordered the sentence to be served concurrently to a separate sentence that was imposed in Clark County C.P. No. 2021-CR-327.

{¶ 3} During the sentencing hearing, the trial court did not calculate or even mention jail-time credit and failed to advise Springs of the consequences for violating his postrelease control. The corresponding sentencing entry also failed to address jail-time credit, but it did set forth the consequences for violating postrelease control. Springs now appeals from the trial court's judgment, raising two assignments of error for review.

### First Assignment of Error

{¶ 4} Under his first assignment of error, Springs contends that the trial court erred by failing to calculate or even mention jail-time credit at his sentencing hearing and in the judgment entry. The State concedes error in this regard, and we agree that the trial court erred by failing to address Springs's jail-time credit.

{¶ 5} "Where, for whatever reason, a defendant remains in jail prior to his trial, he must be given credit on the sentence ultimately imposed for all periods of actual confinement on that charge." *State v. Russell*, 2d Dist. Montgomery No. 26503, 2015-Ohio-3373, ¶ 37, citing *State v. Coyle*, 2d Dist. Montgomery No. 23450, 2010-Ohio-2130, ¶ 5. "The princip[le] that a defendant is entitled to credit towards his sentence for all time spent in any jail while awaiting trial for that offense is codified in R.C. 2967.191." *State v. Dearmond*, 2d Dist. Clark No. 2022-CA-17, 2022-Ohio-3252, ¶ 9, citing *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 7-8. R.C. 2967.191(A) provides, in relevant part, that:

The department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, *as determined by the sentencing court under [R.C. 2929.19(B)(2)(g)(i)]* * * *.

(Emphasis added.)

{¶ 6} The language of R.C. 2967.191(A) indicates that while it is the duty of the department of rehabilitation and correction to credit an inmate with jail time already served, "it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence." *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7. R.C. 2929.19(B)(2)(g)(i) specifically provides that the trial court must "[d]etermine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced[.]" Ohio Adm.Code 5120-2-04(B) likewise provides that the trial court is required to determine "the amount of time the offender served locally before being sentenced" and "must make a factual determination of the number of days credit to which

the offender is entitled by law and include this information within the sentencing entry[.]"

{¶ 7} Based on the foregoing provisions, it is clear that the trial court was required to calculate Springs's jail-time credit at the time of sentencing, notify Springs of the number of days of jail-time credit that he was to receive, and memorialize that information in the judgment entry. Upon review, we agree with Springs and the State and find that the trial court did not fulfill any of these requirements.

{¶ 8} The record establishes that Springs was arrested and indicted in this case on September 21, 2021. The online docket in Case No. 2021-CR-327 (the concurrent sentence case) indicates that on February 14, 2022, Springs was granted jail-time credit in that case "from May 12, 2021 until conveyance to penitentiary." Therefore, Springs was already in jail awaiting trial in Case No. 2021-CR-327 when he was indicted and arrested in the instant case.

{¶ 9} "It is well settled that a 'defendant may accrue jail time credit in multiple cases at the same time, if he or she is held in pretrial confinement in multiple cases simultaneously.' " *State v. Bingham*, 2d Dist. Champaign No. 2021-CA-9, 2021-Ohio-4102, ¶ 17, quoting *State v. Pack*, 2d Dist. Montgomery No. 28458, 2020-Ohio-5033, ¶ 38 and *State v. Breneman*, 2d Dist. Champaign No. 2015-CA-16, 2016-Ohio-597, ¶ 26. " 'Where a later-sentencing court makes its sentence concurrent with an earlier sentence, a defendant is entitled to jail-time credit in both cases for any time that he was held in pretrial confinement on both cases simultaneously.' " *Id.*, quoting *State v. Steinmetz*, 2d Dist. Greene No. 2019-CA-40, 2020-Ohio-1145, ¶ 12. *Accord Pack* at ¶ 38. "In contrast, we have consistently held that jail time credit is not appropriate where the

defendant was serving a sentence for a separate offense."   (Citations omitted.)   *Russell*, 2d Dist. Montgomery No. 26503, 2015-Ohio-3373, at ¶ 41.

{¶ **10**} Taking the foregoing principles into consideration, we find that the trial court should have credited Springs with the time he served in jail up until he began serving his prison sentence in Case No. 2021-CR-0327.   The trial court's failure to do so at the sentencing hearing and in the sentencing entry amounts to plain error.   *State v. Mills*, 10th Dist. Franklin No. 09AP-198, 2009-Ohio-6273, ¶ 13; *Bratenahl v. Eldridge*, 8th Dist. Cuyahoga No. 109520, 2021-Ohio-1083, ¶ 8; *State v. Burden*, 12th Dist. Warren No. CA2021-08-072, 2022-Ohio-569, ¶ 25; *State v. McClellan*, 7th Dist. Mahoning No. 10 MA 181, 2011-Ohio-4557, ¶ 39; *State v. Williamson*, 11th Dist. Portage Nos. 2012-P-0011, 2012-P-0012, 2012-Ohio-5227, ¶ 20.

{¶ **11**} That said, "an inaccurate determination of jail-time credit at sentencing is not grounds for setting aside the conviction or sentence and does not otherwise render the sentence void or voidable."   *Dearmond,* 2d Dist. Clark No. 2022-CA-17, 2022-Ohio-3252, at ¶ 15, citing R.C. 2929.19(B)(2)(g)(iv) and *State v. Davis*, 2d Dist. Montgomery No. 27495, 2018-Ohio-4137, ¶ 16.   Rather, the matter must be remanded so that the trial court can make a factual determination as to the amount of jail-time credit to be awarded Springs and to issue an amended judgment entry setting forth that information.

{¶ **12**} Springs's first assignment of error is sustained.


**Second Assignment of Error**

{¶ **13**} Under his second assignment of error, Springs contends that the trial court

erred at his sentencing hearing in failing to notify him of the consequences for violating postrelease control. The State once again concedes error, and we agree that the trial court erred by failing to notify Springs at the sentencing hearing of the consequences for violating postrelease control.

{¶ 14} "Pursuant to R.C. 2929.19(B)(2)(d) and (e), the trial court is required to notify the offender at his sentencing hearing that, depending on the degree of the offense in question, the offender either 'will' or 'may' be placed on postrelease control after he is released from prison." *State v. Davis*, 2d Dist. Montgomery No. 29316, 2022-Ohio-2373, ¶ 9. "R.C. 2929.19(B)(2)(f) also requires the trial court to notify the offender that if he violates postrelease control, 'the parole board may impose a prison term, as part of the sentence, of up to one-half of the definite prison term originally imposed upon the offender as the offender's stated prison term or up to one-half of the minimum prison term originally imposed upon the offender as part of the offender's stated non-life felony indefinite prison term.' " *Id.*

{¶ 15} "In light of these statutory provisions, the Supreme Court of Ohio has explained that '[t]he trial court must advise the offender at the sentencing hearing of the term of [postrelease control] supervision, whether postrelease control is discretionary or mandatory, and the consequences of violating postrelease control.' " *Id.* at ¶ 10, quoting *State v. Bates*, 167 Ohio St.3d 197, 2022-Ohio-475, 190 N.E.3d 610, ¶ 11. " '[O]nce the court orally provides all the required advisements at the sentencing hearing, it must then incorporate those advisements into the sentencing entry.' " *Id.*, quoting *Bates* at ¶ 11, citing *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 8 and *State*

*v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 17, *overruled on other grounds*, *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248.

{¶ 16} In this case, the trial court notified Springs about the consequences for violating postrelease control during his plea hearing and in the sentencing entry but failed to provide those notifications to Springs during his sentencing hearing. As previously discussed, " 'a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing.' " *Bates* at ¶ 11, quoting *Jordan* at ¶ 23. " 'Notice of postrelease control at the plea hearing and in the sentencing entry does not correct the trial court's failure to impose a term of postrelease control at the sentencing hearing.' " *Davis* at ¶ 12, quoting *State v. Nascembeni*, 8th Dist. Cuyahoga No. 109927, 2022-Ohio-1662, ¶ 12. Therefore, the trial court erred when it failed to notify Springs of the consequences for violating postrelease control at his sentencing hearing.

{¶ 17} The Supreme Court of Ohio has explained that: "When a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing postrelease control renders the court's judgment voidable, permitting the sentence to be set aside if the error has been successfully challenged on direct appeal." *Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, at ¶ 4. Therefore, because the trial court did not properly impose postrelease control at Springs's sentencing hearing, Springs is entitled to have the postrelease-control portion of his sentence set aside and to have a new sentencing hearing limited to the proper imposition of postrelease control. *See State v. Heinzen*, 2d Dist. Clark No. 2019-CA-65, 2022-Ohio-1341, ¶ 28; *State v. Hibbler*, 2d Dist. Clark No.

2019-CA-19, 2019-Ohio-3689, ¶ 19 ("It is well established that when postrelease control is required but not properly imposed, the trial court must conduct a limited resentencing hearing to properly impose postrelease control.").

{¶ 18} Springs's second assignment of error is sustained.

## Conclusion

{¶ 19} Having sustained both assignments of error raised by Springs, the judgment of the trial court is reversed only with respect to the imposition of postrelease control and the cause is remanded to the trial court for purposes of resentencing Springs to postrelease control in a manner that is consistent with this opinion, making a factual determination as to the amount of jail-time credit to be awarded Springs, and issuing an amended judgment entry that includes the trial court's jail-time credit determination.  In all other respects, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.

Copies sent to:

Ian A. Richardson
Christopher Bazeley
Hon. Douglas M. Rastatter