[Cite as *State v. Adams*, 2024-Ohio-4920.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-70 |
| | : | |
| v. | : | Trial Court Case No. 23-CR-0161(A) |
| | : | |
| TABITHA ADAMS | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on October 11, 2024

. . . . . . . . . . .

DONALD K. POND, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant Tabitha Adams appeals from her conviction for theft, following a guilty plea. For the reasons set forth below, we affirm in part, reverse in part, and remand for resentencing on post-release control only.

## I. Factual and Procedural History

{¶ 2} Adams was employed as a nurse's aide at Oakwood Village Nursing Home when she took checks from a resident's room, accessed the resident's bank account, and ultimately took over $19,000 from the resident's account. Following an investigation, Adams was indicted on two counts of theft in violation of R.C. 2913.02(A)(1) and one count of receiving stolen property in violation of R.C. 2913.51(A). Both of the theft charges carried elderly victim or disabled adult specifications.

{¶ 3} Adams entered into a plea agreement with the State whereby she agreed to plead guilty to both theft charges in exchange for the State's dismissal of the charge of receiving stolen property and the elderly victim/disabled adult specifications.

{¶ 4} The trial court sentenced Adams to a prison term of 18 months on one count of theft and six months on the other count. The court ordered the sentences to be served consecutively for an aggregate prison term of 24 months.

{¶ 5} Adams appeals.

## II. Effective Assistance of Counsel

{¶ 6} The first assignment of error asserted by Adams states:

DEFENSE COUNSEL PROVIDED LIMITED ADVOCACY AT SENTENCING. THUS, DEFENDANT-APPELLANT TABITHA ADAMS SUFFERED A DEPRIVATION OF HER RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING CONTRARY TO THE

SIXTH AND FOURTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶ 7} Adams claims that her trial counsel's advocacy at sentencing was so limited that it deprived her of the effective assistance of counsel.

{¶ 8} In order to establish ineffective assistance of counsel, an appellant "must demonstrate " '(1) deficient performance by counsel, namely that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the party, or a reasonable probability that but for counsel's errors, the outcome would have been different.' " *State v. Moore*, 2022-Ohio-522, ¶ 29 (8th Dist.), quoting *State v. Knight*, 2021-Ohio-3674, ¶ 46 (8th Dist.), citing *Strickland v. Washington*, 466 U.S. 668 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus. "A 'reasonable probability' is one 'sufficient to undermine confidence in the outcome.' " *Moore* at ¶ 29, quoting *Strickland* at 694. When evaluating a claim of ineffective assistance of counsel, this court must remain mindful that there are numerous ways for an attorney to provide effective assistance, and, accordingly, we must give great deference to trial counsel's performance. *Strickland* at 466.

{¶ 9} During the sentencing hearing, counsel made the following statement:

I just wanted to point out the Court's taken into consideration the fact that Ms. Adams has virtually no record. The co-defendant in this case, Mr. Vorhis, is the father of her children and greatly encouraged her to participate in this endeavor.

She has spent about a month and a half in the Clark County Jail and

we're going to request that this Court place her on community control. Thank you.

{¶ 10} Adams argues that counsel was ineffective because she failed to make an argument regarding Adams's personal circumstances as related to the principles and purposes of sentencing set forth in R.C. 2929.11 or as related to the seriousness and recidivism factors of R.C. 2929.12. Adams further argues that counsel failed to make an argument related to mitigating factors relevant to her sentence.

{¶ 11} There is no evidence in the record before us to demonstrate that counsel failed to investigate, prepare for, or participate in this case. Indeed, counsel negotiated a plea agreement which resulted in the dismissal of one count and both elderly victim specifications. Further, the court had the benefit of the presentence investigation report (PSI) which showed no juvenile record and only two traffic convictions as an adult. The PSI also summarized Adams's employment, family, and social history, and the trial court discussed that information.

{¶ 12} Importantly, under the sentencing guidelines, Adams could have received a sentence of up to 18 months on count one and up to 12 months on count two. R.C. 2929.14(A)(4) and (5). If ordered to be served consecutively, the aggregate sentence could have been 30 months. However, the trial court imposed the maximum sentence on count one but only a 6-month sentence on count two, for an aggregate prison term of 24 months.

{¶ 13} The record does not demonstrate deficient performance by counsel or that appellant was prejudiced by counsel's representation. Accordingly, the first assignment

of error is overruled.

### III.     Post-Release Control

**{¶ 14}** The second assignment of error states:

THE TRIAL COURT ERRED AT SENTENCING BY FAILING TO INFORM DEFENDANT-APPELLANT TABITHA ADAMS OF THE APPLICABLE POST-RELEASE CONTROL NOTIFICATIONS AND ADVISEMENTS DURING THE SENTENCING COLLOQUY AND WITHIN THE SENTENCING ENTRY, CONTRARY TO STATUTE AND LAW.

**{¶ 15}** Adams claims the trial court failed to properly notify her about her possible post-release control obligation and the consequences of violating post-release control. The State concedes the error.

**{¶ 16}** " 'Post-release control' involves a period of supervision by the Adult Parole Authority after an offender's release from prison that includes one or more post-release control sanctions imposed under R.C. 2967.28." *State v. Collins*, 2018-Ohio-4760, ¶ 15 (2d Dist.), citing R.C. 2967.01(N).   The trial court is required by R.C. 2929.19(B)(2)(d) and (e) to notify a defendant at sentencing that, depending on the degree of the offense in question, the defendant either will or may be placed on post-release control after release from prison.   *State v. Springs*, 2022-Ohio-4414, ¶ 14 (2d Dist.).   Additionally, R.C. 2929.19(B)(2)(f) requires a trial court to advise the defendant at sentencing that, if

she violates a condition of post-release control, the parole board may "impose a prison term, as part of the sentence, of up to one-half of the definite prison term originally imposed upon the offender as the offender's stated prison term . . . ." *Id.* Thus, the trial court must advise the offender at the sentencing hearing of the term of supervision, whether post-release control is discretionary or mandatory, and of the consequences of violating post-release control. *State v. Bates*, 2022-Ohio-475, ¶ 11.

{¶ 17} At the sentencing hearing in this case, the trial court stated, "[u]pon your release, you could be placed on post-release control for up to 2 years." The trial court failed to provide any advisements about the consequences of violating post-release control during Adams's sentencing hearing, although such advisements were included in the judgment entry. We agree with the parties that this constituted error. Accordingly, the second assignment of error is sustained.


## IV. Conclusion

{¶ 18} The trial court's judgment will be reversed as to the imposition of post-release control, and the matter will be remanded for resentencing on post-release control only. In all other respects, the judgment of the trial court will be affirmed.

. . . . . . . . . . . . .


WELBAUM, J. and LEWIS, J., concur.