[Cite as *State v. Day*, 2026-Ohio-1999.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 30678 |
| Appellee | : | |
| | : | Trial Court Case No. 2023 CR 00369 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| DARREN SCOTT DAY II | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on May 29, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
ROBERT G. HANSEMAN, JUDGE

LEWIS, P.J., and EPLEY, J., concur.

MONTGOMERY C.A. No. 30678

MICHAEL O. MILLS, Attorney for Appellant
ANDREW T. FRENCH, Attorney for Appellee

HANSEMAN, J.

{¶ 1} Defendant-appellant, Darren Scott Day II, appeals from the judgment of the Montgomery County Common Pleas Court that sentenced him to a prison term after his admission to a violation of community control sanctions. In his sole assignment of error, Day claims he received ineffective assistance of counsel at the revocation sentencing hearing. For the reasons that follow, the judgment of the trial court is affirmed.

I.      Facts and Course of Proceedings

{¶ 2} On February 10, 2023, a Montgomery County grand jury returned an indictment against Day for burglary, a felony of the second degree, violating of a protection order, a felony of the third degree, and trespass into a habitation, a felony of the fourth degree. At arraignment, Day entered a not guilty plea and counsel was appointed to represent him. On March 9, 2023, Day's counsel filed a written not guilty by reason of insanity plea and motions for competency and sanity evaluations.

{¶ 3} After the evaluations were completed and written reports were prepared by Dr. Scott Kidd, Day was found competent to stand trial. On May 5, 2023, Day changed his plea from not guilty to guilty to the charges of burglary and violating a protection order. The trespass into a habitation charge was dismissed. A presentence investigation report was prepared and on June 2, 2023, Day was sentenced to community control sanctions ("CCS"). As part of his CCS, Day was ordered to complete treatment at the United States Department

of Veteran Affairs and assigned to the trial court's specialized docket, the Veterans Treatment program.

{¶ 4} Approximately two weeks after being placed on CCS, the trial court issued an absconder warrant for Day. Day was arrested, and on July 31, 2023, the court reinstated Day to CCS with the added condition that Day complete the residential treatment program at the Veterans Affairs Medical Center. Shortly thereafter, on September 11, 2023, the trial court issued a second absconder warrant for Day. Day was arrested again, and the trial court again reinstated Day to CCS with the added condition that Day enter and successfully complete the Veterans Affairs Medical Center Residential Program and any recommended aftercare by that agency.

{¶ 5} While the record does not show when, or if, Day completed the program, the record reflects that the trial court issued three more absconder warrants for Day's arrest on February 8, 2024, May 20, 2024, and June 5, 2025. Day was arrested on each warrant and reinstated to CCS with sanctions modified, added, or both. The sanctions included electronic monitoring and completion of the STAR Program and any recommended aftercare. On December 23, 2024, the court ordered, for a second time, that Day successfully complete treatment at the VA Medical Center and any recommended aftercare.

{¶ 6} On September 9, 2025, a notice of revocation of CCS was filed alleging multiple violations of CCS by Day. On October 23, 2025, Day and his counsel attended the court's hearing on his revocation where he admitted to violating CCS rule number 5 by failing to report on June 5, 2025, which had resulted in Day being declared an absconder from CCS for the fifth time. The trial court gave Day and his counsel an opportunity to make a statement before sentencing. Counsel for Day did not make any statement. However, Day spoke on

3

his own behalf and apologized to the court for his failure to comply and explained that he had PTSD and was "scared to come in[to court or CCS] and ask for help." Tr. 5.

{¶ 7} After Day's allocution, the trial court stated that it had given Day numerous opportunities since 2023 and just could not get Day to comply with anything. The court stated that it had considered the purposes and principals of sentencing, and it imposed a three-year sentence on the offense of burglary, a felony of the second degree, and a 36-month sentence on the violation of a protection order, a felony of the third degree. The sentences were ordered to run concurrent with one another, and Day was given 400 days of jail time credit toward his sentence. This appeal followed.

{¶ 8} In his assignment of error, Day claims he received ineffective assistance of counsel during his sentencing hearing following his admission to a CCS rule violation. Specifically, Day argues that counsel failed to inform the trial court of the care and treatment he received while at certain programs prior to his unsuccessful discharge.

## II.     Ineffective Assistance of Counsel

{¶ 9} It is unquestionable that the Sixth and Fourteenth Amendments to the United States Constitution guarantee all criminal defendants not only the right to counsel, but to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-686 (1984), citing *McMann v. Richardson*, 397 U.S. 759 (1970), and *Gideon v. Wainwright*, 372 U.S. 335 (1963).

{¶ 10} To prove an ineffective assistance of counsel claim on appeal, a defendant must show that counsel's performance fell below an objective standard of reasonable representation and that prejudice resulted from counsel's deficient performance. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus; *Strickland* at 687; *Thornell v. Jones*, 602 U.S. 154 (2024). Judicial scrutiny of counsel's performance is highly

4

deferential. *Strickland* at 689. However, in all cases, counsel is presumed to have rendered effective assistance and courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

{¶ 11} To show prejudice, a defendant must prove that there exists a reasonable probability that were it not for counsel's errors, the result would have been different. *Bradley* at paragraph three of the syllabus; *Strickland* at 687. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome. That requires a substantial, not just conceivable, likelihood of a different result.'" *Thornell* at 163, quoting *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel. *Strickland* at 687.

{¶ 12} Day claims that counsel was ineffective by failing to make a statement at sentencing in mitigation of Day's sentence. However, after a review of the record before us, we cannot determine that this omission overcomes the presumption that counsel acted within a wide range of reasonable professional assistance. We have previously rejected similar arguments when counsel stands silent or omits a presentation of evidence in mitigation of a sentence. *See State v. Adams*, 2024-Ohio-4920, ¶ 10-13 (2d Dist.) (counsel not ineffective for failing to make an argument regarding defendant's personal circumstances related to the principles and purposes of sentencing or mitigating factors relevant to the sentence); *State v. Smith*, 2005-Ohio-3757, ¶ 68-69 (2d Dist.) (failure to offer mitigating evidence on behalf of defendant at sentencing comparable to a tactical decision that is not subject to an appellate court's second-guessing); *State v. Parker*, 2002-Ohio-1891 (2d Dist.) (counsel's failure to present witnesses or mitigation evidence at a sexual predator classification hearing, other than a statement that defendant attended rehabilitation

5

programs and defendant's age as it related to a low recidivism, not determined to be ineffective assistance); *State v. Thomas*, 1990 WL 157177, *2 (2d Dist. Oct. 19, 1990) ("[T]he record suggests that nothing was said by Thomas' attorney. [However,] Thomas did tell the judge that he was intoxicated and the judge knew that the defendant had a prior felony conviction, yet the sentence given was the minimum sentence possible for the crime of Aggravated Robbery. We can find no prejudice in counsel's failure to make a statement in mitigation of sentence . . . ."). Therefore, we cannot conclude that counsel's failure to make a statement at the sentencing hearing was conduct that fell below an objective standard of reasonable representation.

{¶ 13} Further, resolving this issue in Day's favor would be purely speculative. Nothing in the record indicates what kind of mitigation evidence counsel could have provided to the trial court at sentencing to prevent Day from receiving a prison sentence. For Day to establish that would require proof outside the record, such as affidavits demonstrating the probable testimony or other relevant evidence. Such a claim is not appropriately considered on a direct appeal. *See State v. Keith*, 79 Ohio St.3d 514, 536 (1997); *State v. Scott*, 63 Ohio App.3d 304, 308 (1989) (claim of failure to present mitigating evidence is properly considered in a post-conviction proceeding because evidence in support of claim cannot be presented on direct appeal).

{¶ 14} Moreover, we cannot conclude that had counsel made a statement in mitigation, the trial court would have given Day a different sentence, such as a sixth opportunity to complete CCS. On this record, the trial court provided Day with five opportunities to complete residential treatment programs over the course of two years. Each time, Day was unsuccessful and was subsequently declared an absconder. The trial court was also aware of Day's status as a veteran and had ample information before it regarding

6

Day's mental health history. The court had prior reports from Day's competency and sanity evaluations, as well as the previously prepared presentence investigation report. Day further was provided an opportunity to speak to the court directly and told the court he had PTSD and was "scared to come in[to court or CCS] and ask for help." Tr. 5. As a result, prejudice is not established by counsel's failure to inform the court at sentencing that Day benefitted from the treatment he received while in the programs prior to his unsuccessful discharge.

{¶ 15} For all these reasons, we do not find that counsel's failure to make a statement on Day's behalf at the sentencing hearing was conduct that fell below an objective standard of reasonableness or that it prejudiced Day. Finding no ineffective assistance of counsel, Day's assignment of error is overruled.

### III.    Conclusion

{¶ 16} Having overruled Day's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

LEWIS, P.J., and EPLEY, J., concur.