[Cite as *State v. Collins*, 2018-Ohio-4760.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                    :    Appellate Case No. 27939
                                                 :
v.                                               :    Trial Court Case No. 2006-CR-3250
                                                 :
ANTHONY COLLINS                                  :    (Criminal Appeal from
                                                 :     Common Pleas Court)
    Defendant-Appellant                   :
                                                 :

. . . . . . . . . .

O P I N I O N

Rendered on the 30th day of November, 2018.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

KIRSTEN KNIGHT, Atty. Reg. No. 0080433, P.O. Box 137, Germantown, Ohio 45327
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

    **{¶ 1}** Anthony Collins appeals from his resentencing in the Montgomery County Court of Common Pleas for the purpose of properly imposing post-release control. For

the following reasons, the trial court's judgment will be affirmed. However, the matter will be remanded for the limited purposes of a nunc pro tunc entry to reflect that Collins's endangering children sentence is to be served consecutively to the rape sentence, consistent with the 2007 judgment entry.

## I. *Anders* Standard

{¶ 2} Collins's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that she has found "no appealable issues" and that this appeal is frivolous. We informed Collins that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief. No pro se brief was filed.

{¶ 3} Pursuant to *Anders*, we must determine, "after a full examination of all the proceedings," whether the appeal is "wholly frivolous." *Id.* at 744; *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous merely because the prosecution can be expected to present a strong argument in reply. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Rather, a frivolous appeal is one that presents issues lacking arguable merit, which means that, "on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8, citing *Pullen* at ¶ 4. If we find that any issue — whether presented by appellate counsel, presented by the defendant, or found through an independent analysis — is not wholly frivolous, we must appoint different appellate counsel to represent the defendant. *Id.* at ¶ 7.

## II. Background and Procedural History

**{¶ 4}** In July 2007, after a jury trial, Collins was found guilty of endangering children (Count 1) and rape (victim under the age of 10) (Count 2). At a sentencing hearing on July 26, 2007, the trial court sentenced him to life without parole for the rape and to five years for endangering children; the endangering children sentence was ordered to be served consecutively to the rape sentence. The trial court did not mention post-release control. With respect to any sex offender registration requirement pursuant to R.C. 2950.01, the trial court stated, "Based on the Court's sentence, the requirement of any registration or sexual offender designation is academic."

**{¶ 5}** The court filed its judgment of conviction on July 31, 2007. On August 1, 2007, the trial court filed an "Explanation of Duties to Register as a Sex Offender of Child-Victim Offender," which indicated that Collins had been classified as a child-victim predator, explained the requirements associated with that classification, and notified Collins that any failure to register, to verify his residence, or to provide notice of a change of residence would result in criminal prosecution. The August 1, 2007 order was signed by the trial judge on July 26, 2007 (the sentencing hearing date) with a certification that the judge had "specifically informed the offender of these duties as set forth above and the offender indicated to me an understanding of those duties."

**{¶ 6}** Collins appealed from his judgment of conviction, but not from the sex offender "Explanation of Duties." We affirmed Collins's convictions, *State v. Collins*, 2d Dist. Montgomery No. 22330, 2008-Ohio-2590, but upon reconsideration, we modified his sentence for rape to life in prison.

**{¶ 7}** Collins filed several post-conviction motions, many of which are not relevant to this appeal. Of relevance, on August 4, 2017, Collins filed a "motion for resentencing

and motion for final appealable order." Collins claimed that the trial court's judgment of conviction failed to address post-release control and his mandatory duty to register as a "Tier III sex offender." The trial court granted Collins's motion as to the post-release control issue, but found that any challenge to the trial court's sex offender classification was barred by res judicata.

{¶ 8} On February 15, 2018, the trial court held a resentencing hearing on post-release control only. The trial court advised Collins that, upon his release from prison, he would be required to serve a mandatory period of three years of post-release control for endangering children and a mandatory period of five years of post-release control for the rape. Defense counsel objected to the trial court's notification for endangering children, arguing that the post-release control period was discretionary, not mandatory. The trial court overruled the objection, noting that post-release control was mandatory because the offense involved serious physical harm by a parent. The trial court noted the prison sentences that Collins was required to serve, but it expressly stated that Collins had already been sentenced and that it was not modifying any previously-imposed sentence.

{¶ 9} The trial court filed an amended judgment entry on February 23, 2018. The amended entry reflected the trial court's imposition of post-release control. It also restated the five-year sentence for endangering children and the modified life sentence for rape (child under ten years old). The entry noted "both counts to be served consecutively to each other."

{¶ 10} Collins appeals from the trial court's judgment.

### III. *Anders* Review

**{¶ 11}** Collins's appellate counsel raises two potential assignments of error for appeal.  First, she raises that Collins was denied his right to a sex offender classification hearing.  Second, she raises that the trial court erred when it resentenced Collins to impose post-release control.

## A. Sex Offender Classification Hearing

**{¶ 12}** In 2007, when Collins was sentenced, sex offender classification proceedings under R.C. Chapter 2950 were governed by Megan's Law, Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560.

> Proceedings under Megan's Law were civil in nature, not criminal.  *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, ¶ 43.  As a result, sex-offender-classification proceedings were "legally distinct from the proceedings governing a defendant's underlying criminal conviction(s) and sentence."  *State v. Gibson*, 2d Dist. Champaign No. 2009 CA 47, 2010-Ohio-3447, ¶ 25, citing *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 32 (2007) (applying different standards of review to appeals from criminal convictions and classification proceedings).  Because this determination was not criminal, Crim.R. 32(C) does not list it as a necessary component of a sentencing order to make the order final and appealable.  To the contrary, courts often addressed the criminal sentence and the classification determination in separate entries and treated them as separately appealable orders.  *See, e.g., State v. Dobrski*, 9th Dist. Lorain No. 06CA008925, 2007-Ohio-3121, ¶ 1 (concluding that the criminal sentencing entry was not final and appealable, but that the sexual-

predator classification, contained in a separate entry, was final and appealable).

*State ex rel. Hunter v. Binette*, Ohio Slip Opinion No. 2018-Ohio-2681, __ N.E.3d __, ¶ 16. *See also State v. Megarry*, 4th Dist. Adams No. 17CA1051, 2018-Ohio-4242, ¶ 20 ("A sex-offender classification under Megan's Law constitutes a final appealable order even when the sentencing entry itself is not a final appealable order.").

{¶ 13} Collins appealed from the July 31, 2007 judgment of conviction; he did not separately appeal from the trial court's August 1, 2007 order designating him a child-victim predator. Although he raised nine assignments of error in his direct appeal, he did not raise any challenge to his child-victim predator classification or the process by which he was classified.

{¶ 14} "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). The res judicata bar applies to any issue that was raised or could have been raised in a criminal defendant's prior appeal from his conviction or any other final appealable order. *See State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Because Collins could have appealed from his child-victim predator classification but did not, res judicata bars him from now attempting to challenge his classification and the procedure by which he was classified. The trial court, therefore, did not err in denying his motion for a classification hearing, and we conclude that any challenge to the trial court's decision would be frivolous.

### B. Post-Release Control

{¶ 15} "Post-release control" involves a period of supervision by the Adult Parole Authority after an offender's release from prison that includes one or more post-release control sanctions imposed under R.C. 2967.28. R.C. 2967.01(N). Post-release control is mandatory for some offenses and is imposed at the discretion of the Parole Board for others, depending on the nature and degree of the offense. R.C. 2967.28(B) and (C). Under R.C. 2967.28(B), a period of post-release control is required for both endangering children, a third-degree felony, and rape, a first-degree felony. The Ohio Supreme Court has specifically held that the post-release control statute applies to rape convictions under R.C. 2907.02, even when a life sentence has been imposed. *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110 (defendant's concurrent life sentences on two rape charges were required to include a five-year term of post-release control).

{¶ 16} If a defendant has committed an offense subject to post-release control under R.C. 2967.28, the trial court must notify the defendant at sentencing of the post-release control requirement and the consequences if the defendant violates post-release control. R.C. 2929.19; *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18. It is well-established that when a judge fails to impose the required post-release control as part of a defendant's sentence, "that *part* of the sentence is void and must be set aside." (Emphasis sic.) *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26; *see also State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 7. The improper post-release control sanction "may be reviewed at any time, on direct appeal or by collateral attack." *Fischer* at ¶ 27. However, res

judicata still applies to all other aspects of conviction, including the determination of guilt and the lawful elements of the sentence." *Id.* at ¶ 40; *Boyd v. State*, 2d Dist. Montgomery No. 27553, 2018-Ohio-108, ¶ 33.

{¶ 17} Once a defendant has served the prison term for an offense for which post-release control applies, the trial court no longer has the authority to resentence the defendant for the purpose of adding a term of post-release control as a sanction for that particular offense. *Holdcroft* at paragraph three of the syllabus. This is true even if the defendant remains incarcerated on other charges. *Id.* at ¶ 18.

{¶ 18} The trial court's July 31, 2007 judgment entry did not mention post-release control, and the record reflects that post-release control was not properly imposed at Collins's July 26, 2007 sentencing hearing.[1] (Although the trial court apparently did not review the transcripts, the court, in an abundance of caution, assumed that post-release control had not been properly imposed.) With the record before us, there is no arguably meritorious claim that the trial court erred in holding a resentencing hearing on post-release control.

{¶ 19} Nevertheless, we must consider whether there is an arguably meritorious claim that the trial court erred in imposing post-release control on both the rape and the endangering children offenses. Collins has not yet been released from prison, thus he continues to be incarcerated on the rape conviction. Accordingly, any claim that the trial court could not impose post-release control on the rape charge would be frivolous.

---

[1] On November 15, 2018, we ordered, sua sponte, that the clerk of the court of appeals transfer the written transcripts of proceedings (three volumes) that had been filed in Collins's direct appeal (Case No. 22330) to this appeal. One of the transferred volumes was a transcript of the July 26, 2007 sentencing hearing.

However, resentencing on the endangering children conviction was appropriate only if Collins had not yet completely served that five-year sentence prior to the resentencing hearing.

{¶ 20} In determining the order in which consecutive sentences should be served, we look first to the language of the trial court's judgment. When the judgment does not specify the order of service, we have looked to the order in which the trial court imposed its sentences and have construed any ambiguity regarding the order of service in the defendant's favor. *State v. Beverly*, 2d Dist. Clark No. 2015-CA-71, 2018-Ohio-2116, ¶ 10; *State v. Powell*, 2d Dist. Montgomery No. 24433, 2014-Ohio-3842, ¶ 28.

{¶ 21} In this case, the trial court's July 31, 2007 judgment entry imposed the life sentence for rape and then imposed five years for endangering children "to be served consecutively with" the rape sentence. In our view, the judgment entry unambiguously provided that the rape sentence was to be served first, followed by the five-year sentence for endangering children. Accordingly, when the trial court imposed post-release control in February 2018, Collins had not completely served his sentence for endangering children.[2] Under these circumstances, we find no arguably meritorious claim that the trial court erred in imposing post-release control on both the rape and the endangering children offenses.

{¶ 22} Finally, we find no non-frivolous claim that the trial court erred in imposing the specific terms of post-release control. Because Collins committed a felony sex

---

[2] Under R.C. 2967.13(A)(5), a prisoner serving a life sentence for rape becomes eligible for parole after ten full years' imprisonment. Thus, at the earliest, Collins did not begin to serve his endangering children sentence until he had completed ten years of incarceration on the rape.

offense, the trial court was required to impose a mandatory term of five years of post-release control for the rape. *See* R.C. 2967.28(A)(1). The trial court also informed Collins of the consequences of violating post-release control.

{¶ 23} With respect to the endangering children offense, Collins's counsel argued at the sentencing hearing that the endangering children offense, R.C. 2919.22(A), was subject only to a discretionary term of post-release control. Under the version of R.C. 2967.28 in effect when Collins was "resentenced, " a mandatory term of three years of post-release control was required for a felony of the third degree that is an offense of violence. R.C. 2901.01(A)(9) enumerates the offenses that constitute offenses of violence. With respect to endangering children, R.C. 2901.01(A)(9) provides that only violations of R.C. 2919.22(B)(1), (2), (3), or (4) constitute an offense of violence. Accordingly, under the version of R.C. 2967.28(A) in effect at the time of the resentencing hearing, Collins's conviction for R.C. 2919.22(A)(2) did not constitute an offense of violence.

{¶ 24} In contrast, when Collins committed the offenses in 2006 and was originally sentenced in 2007, R.C. 2967.28(B)(3) provided for the imposition of a mandatory three-year term of post-release control for "a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened physical harm to a person." Collins was indicted for and convicted of endangering children, in violation of R.C. 2919.22(A), with a finding of serious physical harm. Accordingly, under the former statute, Collins would have been subject to a mandatory term of three years of post-release control. The trial court found that a mandatory three-year term of post-release control was required due to Collins's causing serious physical harm to his child.

**{¶ 25}** Nonetheless, we find no arguably meritorious claim for appeal based on any alleged error in the trial court's determination that post-release control for endangering children was mandatory. R.C. 2967.28(F)(4)(c) specifically provides: "If an offender is subject to more than one period of post-release control, the period of post-release control for *all* of the sentences shall be the period of post-release control *that expires last*, as determined by the parole board or court. Periods of post-release control shall be served concurrently and shall not be imposed consecutively to each other." (Emphasis added.) Regardless of whether post-release control was properly imposed for endangering children, Collins was subject to a mandatory term of five years of post-release control for the rape conviction. Any alleged error in the term of post-release control for endangering children would have no effect on Collins's post-release control obligation upon his release from prison.

### IV. Conclusion

**{¶ 26}** We have conducted our independent review of the record pursuant to *Penson*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300, and we agree with appellate counsel that there are no non-frivolous issues for review. Accordingly, the trial court's judgment will be affirmed.

**{¶ 27}** We note that the trial court's amended judgment entry, dated February 23, 2018, indicates that the rape and endangering children offenses are to be served "consecutively to each other," which is different from how the sentences were imposed in 2007 and is less clear about the order in which the sentences are to be served. However, the trial court expressly stated at the resentencing hearing that it was not altering the sentences previously imposed. Accordingly, we remand for the limited purpose of a

nunc pro tunc entry that reflects that the sentence for endangering children is to be served consecutively to the rape sentence, consistent with the 2007 judgment entry.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies sent to:

Mathias H. Heck
Andrew T. French
Kirsten Knight
Anthony Collins
Hon. Mary L. Wiseman