[Cite as *State v. Manzi*, 2023-Ohio-732.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-24 |
| | : | |
| v. | : | Trial Court Case No. 21-CR-0810 |
| | : | |
| BILLY MANZI | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 10, 2023

. . . . . . . . . . .

IAN A. RICHARDSON, Attorney for Appellee

ROBERT ALAN BRENNER, Attorney for Appellant

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} Billy Manzi pled guilty in the Clark County Court of Common Pleas to failure to comply with an order or signal of a police officer, a felony of the third degree, and receiving stolen property, a felony of the fourth degree. The trial court imposed maximum consecutive sentences totaling 54 months in prison, suspended his driver's license for 15 years, and ordered him to pay costs and fees.

{¶ 2} Manzi appeals from his convictions, claiming that the trial court failed to properly notify him about his post-release control obligation and the consequences of violating post-release control. The State concedes error. For the following reasons, the trial court's judgment will be reversed, and the matter will be remanded for resentencing on post-release control only.

## I. Facts and Procedural History

{¶ 3} According to the bill of particulars, on December 5, 2021, Sergeant Stewart of the Donnelsville Police Department saw a blue, four-door Infiniti traveling 53 mph in a 35 mph zone. The officer attempted to initiate a traffic stop, but the driver, later identified as Manzi, failed to comply. Instead, Manzi brake-checked the officer, accelerated to 90 mph, ran a red light (causing an accident), briefly drove into a front yard, and later drove into oncoming traffic.

{¶ 4} Ultimately, Manzi pulled into a lot as if to park his vehicle. Sgt. Stewart pulled in behind Manzi, trying to block the Infiniti. However, Manzi put his vehicle in reverse and slammed into the cruiser, pushing the cruiser back approximately ten feet. Manzi then spun his vehicle, ripping off the rear bumper. The pursuit continued with Manzi eventually fleeing on foot, at which time he was apprehended by another officer. Upon further investigation, officers learned that the license plates on the Infiniti belonged to a different vehicle and that the Infiniti had been reported stolen.

{¶ 5} Manzi was charged with failure to comply, receiving stolen property (motor vehicle), and felonious assault (peace officer). After negotiations with the State, Manzi pled guilty to failure to comply and receiving stolen property; the felonious assault charge

was dismissed. At sentencing, the trial court imposed 36 months in prison for failure to comply and 18 months in prison for receiving stolen property, to be served consecutively. It also suspended Manzi's driver's license for 15 years and ordered him to pay costs and fees.

{¶ 6} The trial court's oral notification at sentencing regarding post-release control consisted of the following statement: "Upon your release you could be placed on post-release control for up to two years." The trial court included additional information about post-release control in its judgment entry, stating:

> The Court further notified the defendant that one of the following sanctions could be imposed upon him if he violates PRC: (1) *The duration of PRC may be increased up to a maximum term of eight years*; (2) more restrictive rules may be placed upon him; (3) he could return to prison (the maximum term for each violation is one-half of the original prison term or nine months, whichever is less, and the maximum cumulative term of all violations is one-half of the original prison term); and (4) if he commits a felony offense while on PRC and is convicted of that offense, his PRC could be terminated and he could be sentenced to prison for the greater of one year or the amount of time he has remaining on PRC and it would be mandatory that the PRC time run consecutively to his sentence on the new felony offense.

(Emphasis added.)

{¶ 7} Manzi's initial appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he could find no non-

frivolous issues for appeal. Upon our preliminary review, we concluded that a non-frivolous issue existed as to whether the trial court had properly imposed post-release control. Accordingly, we rejected Manzi's *Anders* brief and appointed new counsel to raise any arguably meritorious issues that new counsel might find.

{¶ 8} Manzi, with new counsel, now raises one assignment of error, challenging the trial court's imposition of post-release control.

## II. Imposition of Post-Release Control

{¶ 9} Manzi challenges two aspects of the trial court's post-release control notifications. First, he claims that the trial court erred by failing to notify him of the consequences of violating post-release control at the sentencing hearing. Second, he claims that the trial court erred by stating that the duration of post-release control could be increased up to eight years. The State concedes that Manzi was not adequately advised at the sentencing hearing of the potential consequences of violating post-release control and that his post-release control could not be increased up to eight years. We agree.

{¶ 10} " 'Post-release control' involves a period of supervision by the Adult Parole Authority after an offender's release from prison that includes one or more post-release control sanctions imposed under R.C. 2967.28." *State v. Collins*, 2d Dist. Montgomery No. 27939, 2018-Ohio-4760, ¶ 15. "Post-release control is mandatory for some offenses and is imposed at the discretion of the Parole Board for others, depending on the nature and degree of the offense." *Id.*, citing R.C. 2967.28(B) and (C).

{¶ 11} R.C. 2929.19(B)(2)(d) and (e) requires the trial court to notify a defendant

at sentencing that, depending on the degree of the offense in question, the defendant either will or may be placed on post-release control after release from prison. *State v. Springs*, 2d Dist. Clark No. 2022-CA-18, 2022-Ohio-4414, ¶ 14; *State v. Davis*, 2d Dist. Montgomery No. 29316, 2022-Ohio-2373, ¶ 9. R.C. 2929.19(B)(2)(f) also requires a trial court to advise the defendant at sentencing that, if he or she violates a condition of post-release control, the parole board may "impose a prison term, as part of the sentence, of up to one-half of the definite prison term originally imposed upon the offender as the offender's stated prison term * * *." R.C. 2929.19(B)(2)(f); *see State v. Fields*, 2d Dist. Clark No. 2020-CA-19, 2021-Ohio-3845, ¶ 10-11.

{¶ 12} In short, "[t]he trial court must advise the offender at the sentencing hearing of the term of supervision, whether postrelease control is discretionary or mandatory, and the consequences of violating postrelease control." *State v. Bates*, 167 Ohio St.3d 197, 2022-Ohio-475, 190 N.E.3d 610, ¶ 11. In this case, the trial court failed to provide any advisements about the consequences of violating post-release control at Manzi's sentencing hearing. We agree with the parties that this constituted error.

{¶ 13} The trial court also was required to incorporate the post-release control advisements into its sentencing entry. *E.g., Bates* at ¶ 11; *Springs* at ¶ 15. Here, Manzi's judgment entry included consequences of violating post-release control, but it stated that the duration of his post-release control could be "increased up to a maximum term of eight years." R.C. 2967.28(F)(3), however, instructs that the parole board may increase the duration of an offender's post-release control up to the maximum duration authorized by R.C. 2967.28(B) or R.C. 2967.28(C). The parties agree that the maximum

duration of post-release control for Manzi is two years, in accordance with R.C. 2967.28(C).

{¶ 14} We therefore conclude that the trial court did not properly impose post-release control, either at the sentencing hearing or in its judgment entry.  Manzi's assignment of error is sustained.

### III. Conclusion

{¶ 15} The trial court's judgment will be reversed, and the matter will be remanded for resentencing on post-release control only.

. . . . . . . . . . . . .


WELBAUM, P.J. and HUFFMAN, J., concur.