**[Cite as *State v. Zachman*, 2023-Ohio-3661.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-10 |
| | : | |
| v. | : | Trial Court Case No. 22-CR-0876 |
| | : | |
| MARKUS ZACHMAN | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on October 6, 2023

. . . . . . . . . . .

J. DAVID TURNER, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Markus Zachman appeals from his conviction, following his guilty plea, on one count of failure to comply with an order or signal of a police officer. The State concedes error in sentencing, noting that the trial court improperly imposed post-release control ("PRC") at the sentencing hearing and in its judgment entry of conviction. We

independently note that the trial court also failed to properly determine Zachman's jail-time credit. The judgment will be affirmed in part, reversed in part, and remanded solely for resentencing on PRC and jail-time credit, consistent with this opinion.

**Procedural History**

{¶ 2} On November 29, 2022, Zachman was indicted on one count of failure to comply, one count of assault, and one count of obstructing official business, and he pled not guilty. On February 6, 2023, Zachman pled guilty to failure to comply; pursuant to a plea agreement, the other two counts were dismissed. The trial court imposed a prison sentence of 36 months. Additionally, with respect to PRC, the trial court informed Zachman at the sentencing hearing that he could be placed on PRC for "up to 2 years"; in its judgment entry, the court stated that PRC was "optional for up to two (2) years" but could be "increased up to a maximum term of eight years" if Zachman violated the terms of PRC.

{¶ 3} Zachman appeals from his conviction.

**Imposition of Post-Release Control**

{¶ 4} Zachman asserts the following assignment of error:

THE TRIAL COURT DID NOT PROPERLY IMPOSE POST-RELEASE CONTROL AT THE SENTENCING HEARING AND IN ITS JUDGMENT ENTRY.

{¶ 5} Zachman argues that the trial court did not properly impose PRC. The State agrees, specifically conceding that Zachman was not adequately advised at the sentencing hearing of the potential consequences of violating PRC and that the trial court

erred when it stated in its judgment entry that the duration of PRC could be increased to a maximum of eight years.

{¶ 6} "Post-release control involves a period of supervision by the Adult Parole Authority after an offender's release from prison that includes one or more post-release control sanctions imposed under R.C. 2967.28." *State v. Collins*, 2d Dist. Montgomery No. 27939, 2018-Ohio-4760, ¶ 15. PRC "is mandatory for some offenses and is imposed at the discretion of the Parole Board for others, depending on the nature and degree of the offense." *Id.*, citing R.C. 2967.28(B) and (C); *State v. Manzi*, 2d Dist. Clark No. 2022-CA-24, 2023-Ohio-732, ¶ 10.

{¶ 7} " * * * R.C. 2929.19(B)(2)(d) and (e) require the trial court 'to notify the offender at his sentencing hearing that, depending on the degree of the offense in question, the offender "will" or "may" be placed on [PRC] after he is released from prison.' " *State v. Coffee*, 2d Dist. Clark Nos. 2022-CA-54, 2022-CA-55, 2023-Ohio-474, ¶ 15, quoting *State v. Davis,* 2d Dist. Montgomery No. 29316, 2022-Ohio-2373, ¶ 9. R.C. 2929.19(B)(2)(f) requires the trial court to notify the offender that if he violates PRC, "the parole board may impose a prison term, as part of the sentence, of up to one-half of the definite prison term originally imposed upon the offender as the offender's stated prison term or up to one-half of the minimum prison term originally imposed upon the offender as part of the offender's stated non-life felony indefinite prison term." The Supreme Court of Ohio has held that the trial court must advise the offender at the sentencing hearing of the term of supervision, whether PRC is discretionary or mandatory, and the consequences of violating PRC. *State v. Bates,* 167 Ohio St.3d 197, 2022-Ohio-475,

190 N.E.3d 610, ¶ 11.   In addition to the required oral advisements, the trial court is also required to incorporate the PRC advisements into its sentencing entry.   *Manzi* at ¶ 13.

{¶ 8} At the disposition hearing in this case, the trial court advised Zachman as follows:

> \* \* \* The Court is going to order the Defendant be sentenced to 36 months in the Ohio State Penitentiary, a 10-year license suspension.   Upon your release, you could be placed on post-release control for up to 2 years and you will receive credit for the time spent in the Clark County Jail dating back to November 22nd of last year.   \* \* \*

{¶ 9} The judgment entry stated:

> The Court notified the defendant that PRC is optional for up to two (2) years.   The defendant is therefore Ordered to serve as part of this sentence any term of PRC imposed upon him by the Parole Authority.
>
> The Court further notified the defendant that one of the following sanctions could be imposed upon him if he violates PRC: (1) The duration of PRC may be increased up to a maximum term of eight years; (2) more restrictive rules may be placed upon him; (3) he could return to prison (the maximum term for each violation is one-half of the original prison term or nine months, whichever is less, and the maximum cumulative term for all violations is one-half of the original prison term); and (4) if he commits a felony offense while on PRC and is convicted of that offense, his PRC could be terminated and he could be sentenced to prison for the greater of one

year or the amount of time he has remaining on PRC and it would be mandatory that the PRC time run consecutively to his sentence on the new felony offense.

{¶ 10} Zachman pled guilty to one count of failure to comply in violation of R.C. 2921.331(B), which provides that "no person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible sign from a police officer to bring the person's motor vehicle to a stop." The offense is a felony of the third degree if the operation of the motor vehicle caused a substantial risk of serious physical harm to persons or property. R.C. 2921.331(C)(5)(a)(ii). Zachman was subject to mandatory PRC due to his guilty plea to an R.C. 2921.331(C)(5)(a)(ii) violation, an offense of violence pursuant to R.C. 2901.01(A)(9)(c). R.C. 2967.28(B) provides that "[e]ach sentence to a prison term * * * for a felony of the third degree that is an offense of violence * * * shall include a requirement that the offender be subject to a period of [PRC] imposed by the parole board after the offender's release from imprisonment." For a felony of the third degree that is an offense of violence, the period of PRC required is "up to three years, but not less than one year." R.C. 2967.28(B)(4).

{¶ 11} Here, the trial court erred by advising Zachman at disposition that he "*could be* placed on [PRC] for up to 2 years." The trial court further failed to advise Zachman regarding the consequences of violating PRC at disposition. The court's judgment entry was also incorrect in that it provides that PRC was optional for up to two years and its duration could be increased "up to a maximum term of eight years." We therefore conclude that the trial court did not properly impose PRC, either at the sentencing hearing

or in its judgment entry of conviction.  Zachman's assignment of error is accordingly sustained.

### Jail-Time Credit

{¶ 12} Although not raised by the parties, we note that the trial court was also required to determine Zachman's jail-time credit at the time of sentencing, to notify Zachman of the number of days of jail-time credit he was to receive, and to include that information in its judgment entry.   *See* R.C. 2949.08(B) and (C); R.C. 2967.191(A); R.C. 2929.19(B)(2)(g)(i); Ohio Adm.Code 5120-2-04(B); *State v. Springs*, 2d Dist. Clark No. 2022-CA-18, 2022-Ohio-4414, ¶ 5-7; *State v. Windsor*, 2d Dist. Clark No. 2021-CA-25, 2022-Ohio-1785, ¶ 4-7.

{¶ 13} In *State v. Wade,* 2d Dist. Clark No. 2015-CA-45, 2015-Ohio-5171, ¶ 14, we noted that "R.C. 2949.08(B) specifies * * * that 'the person's conviction shall specify **the total number of days**, if any, that the person was confined' on the offense prior to his conviction and 'prior to delivery to the jailer, administrator, or keeper.'   (Emphasis added.)."   In *Wade,* we also concluded that the trial court's failure to reduce the amount of jail-time credit to a number of days, as required by R.C. 2949.08(B), coupled with the absence of any opportunity for the defendant to be heard on the issue of jail-time credit, warranted remanding the matter for the court to properly address the issue."   *Id.* at ¶ 15.

{¶ 14} Here, the trial court advised Zachman at the sentencing hearing that he would receive jail-time credit "dating back to November 22nd of last year," and the judgment entry stated that he would receive jail-time credit "from November 22, 2022 until conveyed to ODRC."   As in *Wade*, the trial court failed to reduce the amount of jail-time

credit to a number of days and to give Zachman an opportunity to be heard on the issue.

{¶ 15} Because the trial court erred in imposing PRC and in failing to properly calculate jail-time credit, the trial court's judgment will be reversed in part, and the matter will be remanded for resentencing on PRC and jail-time credit only. In all other respects, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


TUCKER, J. and LEWIS, J., concur.