[Cite as *State v. Wooten*, 2024-Ohio-5124.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-19 |
| | : | |
| v. | : | Trial Court Case Nos. 23-CR-0717; 22-CR-0354 |
| | : | |
| JACK WOOTEN | : | |
| | : | (Criminal Appeal from Common Pleas Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on October 25, 2024

. . . . . . . . . . .

CHRISTOPHER BAZELEY, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Jack Wooten appeals from his convictions for strangulation and improper handling of a firearm in a motor vehicle. He claims that the trial court failed to properly notify him about his possible post-release control (PRC)

obligation and the consequences of violating PRC. He further claims the trial court failed to properly specify the number of days of jail-time credit that he had earned as of the date of his sentencing. For the reasons set forth below, the judgments of the trial court are reversed with respect to the imposition of PRC and jail-time credit and remanded for resentencing. In all other respects, judgments affirmed.

## I. Factual and Procedural Background

{¶ 2} On April 19, 2022, in Clark C.P. No. 2022-CR-354, Wooten was indicted on one count of carrying a concealed weapon and one count of improper handling of a firearm in a motor vehicle. On October 24, 2023, in Clark C.P. No. 2023-CR-717, Wooten was indicted on one count of strangulation and one count of domestic violence.

{¶ 3} Pursuant to a plea agreement, Wooten entered a guilty plea to improper handling of a firearm in a motor vehicle and strangulation. In exchange, the State agreed to dismiss the other counts.

{¶ 4} Sentencing for both cases was conducted at the same time. Following a hearing, the trial court imposed a prison sentence of 14 months for improper handling of a firearm and 18 months for strangulation. The trial court ordered the sentences in the two cases to be served consecutively, for an aggregate prison term of 32 months.

{¶ 5} Wooten appeals.

## II. Post-Release Control

{¶ 6} Wooten's first assignment of error states:

THE TRIAL COURT FAILED TO PROPERLY IMPOSE PRC

**{¶ 7}** Wooten claims that the trial court failed to properly notify him at the sentencing hearing about his possible PRC obligation and the consequences of violating PRC. The State concedes error.

**{¶ 8}** " 'Post-release control' involves a period of supervision by the Adult Parole Authority after an offender's release from prison that includes one or more post-release control sanctions imposed under R.C. 2967.28." *State v. Collins*, 2018-Ohio-4760, ¶ 15 (2d Dist.). R.C. 2929.19(B)(2)(d) and (e) require the trial court to notify a defendant at sentencing that, depending on the degree of the offense in question, the defendant either will or may be placed on PRC after release from prison. *State v. Springs*, 2022-Ohio-4414, ¶ 14 (2d Dist.). R.C. 2929.19(B)(2)(f) requires a trial court to advise the defendant at sentencing that, if he or she violates a condition of PRC, the parole board may "impose a prison term, as part of the sentence, of up to one-half of the definite prison term originally imposed upon the offender as the offender's stated prison term . . ." In short, "[t]he trial court must advise the offender at the sentencing hearing of the term of supervision, whether postrelease control is discretionary or mandatory, and the consequences of violating postrelease control." *State v. Bates*, 2022-Ohio-475, ¶ 11.

**{¶ 9}** In Wooten's case, the trial court failed to provide any advisements about the consequences of violating PRC at the sentencing hearing. We agree with the parties that this constituted error.

**{¶ 10}** Accordingly, the first assignment of error is sustained.

### III.     Jail-Time Credit

{¶ 11} The second assignment of error asserted by Wooten states:

THE TRIAL COURT FAILED TO CALCULATE WOOTEN'S JAIL

TIME CREDIT AS REQUIRED BY R.C. 2929.19

{¶ 12} Wooten contends the trial court erred by failing to specify the total number of days of jail-time credit that he had earned at the time of sentencing and by failing to include that total number in the judgment entry. Again, the State concedes the error.

{¶ 13} When a defendant is incarcerated prior to sentencing, "he must be given credit on the sentence . . . imposed for all periods of actual confinement on that charge." *State v. Russell*, 2015-Ohio-3373, ¶ 37 (2d Dist.), citing *State v. Coyle*, 2010-Ohio-2130, ¶ 5 (2d Dist.).   In doing so, the trial court is required to determine "the amount of time the offender served locally before being sentenced" and "must make a factual determination of the number of days credit to which the offender is entitled by law and include this information within the sentencing entry." Ohio Adm.Code 5120-2-04(B).   "[T]he trial court's obligation in calculating jail-time credit is limited to calculating the total number of days the defendant was confined prior to sentencing."   *State v. Dearmond*, 2022-Ohio-3252, ¶ 13 (2d Dist.).   However, it is the duty of the Ohio Department of Rehabilitation and Correction (ODRC) to reduce the offender's sentence "by the number of days the offender was confined as a result of the offense, between the date of the sentencing entry and the date committed to the [ODRC] . . ." Ohio Adm.Code 5120-2-04(A); R.C. 2967.191.

{¶ 14} The trial court was obligated to calculate Wooten's jail-time credit at the time of sentencing, to notify him of the number of days of jail-time credit that he was to receive,

and to memorialize that information in the judgment entries. Instead, at the sentencing hearing, the trial court informed Wooten that he would "receive credit for time spent in the Clark County jail" toward his sentence. Tr. p. 9.    The judgment entry in Case No. 2023-CR-717 makes no mention of jail-time credit.   The judgment entry in Case No. 2022-CR-354 states that Wooten is entitled to "jail-time credit from October 13, 2023 until conveyance to ODRC."   We have previously held that similar language used by the trial court -- which does not specify the total number of days and includes conveyance time in the jail-time credit calculation -- is reversible error.   *See Dearmond* at ¶ 14.

{¶ 15} The second assignment of error is sustained.

## IV.    Conclusion

{¶ 16} Having sustained both Wooten's assignments of error, the judgments of the trial court are reversed as to the imposition of jail-time credit and PRC, and the matters are remanded for the trial court to specify the total number of days of jail-time credit to which Wooten was entitled as of the date of his sentencing and for resentencing on PRC, consistent with this opinion.   In all other respects, the judgments of the trial court are affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and WELBAUM, J., concur.